Argued May 3, affirmed June 3, 1965

# STOWE *v.* SCHOOL DISTRICT NO. 8-C, MALHEUR COUNTY ET AL

402 P. 2d 740

*James A. Cox,* Ontario, argued the cause for appellant. With him on the briefs were Yturri, O'Kief & Cox, Ontario.

*Max S. Taggart,* Ontario, argued the cause and filed a brief for respondents.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

SLOAN, J.

By this mandamus proceeding plaintiff seeks to compel defendant school district to offer him a contract as a teacher for the school year beginning in September, 1964. Plaintiff had been employed as a teacher by the district for several years. Prior to March 15, 1964, the district gave notice to plaintiff that he would not be offered a contract for the ensuing school year. Plaintiff, in writing, asked the district school board to put in its records the reason for not renewing his contract. A statute, later quoted, required the board to record its reasons. The board, for some unexplained reason, refused to do so. This action resulted. The trial court refused to grant a peremptory writ. Plaintiff appeals.

To sustain his demand plaintiff relies on ORS 342.635. The statute reads:

"Each district school board shall give notice in writing by March 15 of each year to all teachers and administrators in their employ of election or dismissal for the following school year. In case the school board passes an order to dismiss, the material reason or reasons therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district by the district clerk who shall furnish a copy of the same to the teacher or administrator. If any school board fails to give such notice by March 15, the teacher or administrator will be deemed to have

been elected for the following year at a salary not less than that he is then receiving, and may bring an action of mandamus to compel the school board to issue such a contract for the following school year. The provisions of this section shall be non-effective unless teachers or administrators notify the board in writing on or before April 1 of acceptance or rejection of the position for the ensuing school year."

Plaintiff insists that compliance by the school board with the sentence which states:

"* * * In case the school board passes an order to dismiss, the material reason or reasons therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district by the district clerk who shall furnish a copy of the same to the teacher or administrator. * * *."

is essential to a termination of his employment. That provision was added by an amendment to the statute in 1957. Oregon Laws 1957, Chapter 443.

■ It is apparent from the facts that the issue is, in reality, moot. Because of the public nature of the question presented and the likelihood that it will recur we will decide the case. *Perry v. Oregon Liquor Commission,* 1947, 180 Or 495, 498, 177 P2d 406.

■ We cannot agree with plaintiff's reading of the statute. It appears clear to us that the only requirement of the statute necessary for termination is notice. The reason for the termination is immaterial. Although the statute does require the board to record its reasons it does not make the reason, whatever it may be, a condition of termination. The termination would be effective regardless of the reasons therefor.

The Teachers' Tenure Law, ORS 342.205 to 342.330

deprives a school board of the right to discharge a teacher except for reasons of inefficiency, neglect of duty, unbecoming conduct and the like. And that law requires a hearing, if requested by a discharged teacher, to determine the truth of the charges. That law, however, only applies to districts with a student population in excess of 4,500. The Tenure Act is indicative that the legislature has considered the problem. If the legislature had intended to have given the same security to teachers in the districts with fewer students it could readily have done so.

We agree with the trial court that merely putting the reasons on the record is a rather "hollow" compensation, but that is all that the legislature required. It cannot be said that the failure to state reasons nullifies the notice of termination.

Judgment affirmed.