Argued June 15, reversed and remanded August 13, petition for
rehearing denied September 8, petition for review
denied October 20, 1970

OWENS, *Appellant, v.* SCHOOL DISTRICT
No. 8R OF UMATILLA COUNTY, *Respondent.*

473 P2d 678

*Gene B. Conklin,* Pendleton, argued the cause and
filed the briefs for appellant.

*Alex M. Byler*, Pendleton, argued the cause for respondent. On the brief were Corey, Byler & Rew, Pendleton, and Brewer & Smallmon, Hermiston.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

## FOLEY, J.

Plaintiff seeks a judgment declaring that he has a valid teaching contract with defendant school district pursuant to contract renewal rules and regulations adopted by defendant district which were incorporated in his teaching contract. Defendant district claims the adopted rules contravene statutes governing school districts and are invalid. The issues were raised by defendant's demurrer to plaintiff's amended complaint on the ground it did not set forth facts sufficient to state a cause for declaratory relief. The trial court sustained defendant district's demurrer and plaintiff appeals from the judgment dismissing his amended complaint.

We base our statement of facts on the allegations of plaintiff's amended complaint. Plaintiff is a teacher who is ready, willing and able to teach. Defendant is a nontenure school district. In 1964 defendant district negotiated with the Hermiston Association of Teachers, on behalf of plaintiff and other teachers within defendant's district, certain rules and regulations which were agreed upon between defendant and the Hermiston Association of Teachers and adopted by defendant.

Plaintiff and defendant entered into a Teacher's Three Year Contract dated February 24, 1966, under which plaintiff was employed by defendant district for

the 1966-67, 1967-68 and 1968-69 school years. The aforementioned rules and regulations were incorporated as a part of this contract. That portion thereof relating to grievances and dismissals is as follows:

## "DISMISSALS

"Any certificated employee whose work is unsatisfactory shall be so informed and the reasons clearly stated in writing. A personal teacher-administrator conference shall be held to discuss the problem and to suggest means for remediation. Ample opportunity is to be provided for rectification of the deficiencies. If the problem persists, the administrator may recommend a 1-year probationary contract at the conclusion of the present contract. If the employee's work continues to be unsatisfactory during this probationary year, and dismissal is necessary, he shall be informed in writing prior to March 15. Such written notification shall also include the reasons for dismissal.

"An employee who has been notified of a recommendation for dismissal may be granted a hearing before the school board if he makes such a request within 10 days of the receipt of the notice. Such request should be channeled through the superintendent's office.

"The board, upon receipt of such request, shall call a hearing to be held within 10 days following the receipt of the request and shall, at least three days prior to the day fixed for the hearing, notify the employee in writing of the date, time and place of the hearing.

"The employee may engage such counsel and produce such witnesses as he may desire.

"The board, within 5 days following the conclusion of such hearing, shall notify the employee for the next ensuing term.

"Any decision not to renew the contract shall

be based solely upon the cause or causes for non-renewal specified in the notice to employee and proved and established at the hearing. If such notification and opportunity for hearing is not timely given by the board, the employee entitled thereto should be conclusively presumed to have been re-employed by the district for the next term upon contractual terms identical with those which would have prevailed if his employment had actually been renewed by the board of education for such ensuing term."

## "GRIEVANCE PROCEDURES

"Any employee of the school district who feels that he has been aggrieved in any way shall follow channels in seeking redress. The complaint should be brought to the attention of the building principal first. If no satisfaction is forthcoming, the grievance can be brought to the superintendent of schools next. A still further appeal can be made to the Board of Education if no satisfaction can be had from the first two persons in the chain of command. Next step is to the local O. E. A. Ethics Committee."

Prior to March 15, 1969, defendant district informed plaintiff in writing that his Teacher's Three Year Contract would not be renewed for another three year term, or at all. In giving this notice of non-renewal, defendant did not comply with the dismissal provisions set out above.

It is plaintiff's contention that defendant must comply with these rules and regulations in order to effectuate a termination. Because defendant failed to comply, plaintiff claims he has a valid contract for three years beginning August 29, 1969, with a salary for 1969-70 equal to his 1968-69 salary. Defendant contends that it need only follow ORS 342.508 (2) and

ORS 342.513 in order to effectively terminate the contract. These two sections read:

ORS 342.508 (2):

"Each district school board of a district subject to this section shall give written notice, by March 15 of the year the contract with the teacher or administrator described in subsection (1) of this section terminates, to the teacher or administrator of the renewal or nonrenewal of his contract. If the contract is not renewed, the notice of such nonrenewal and the reasons therefor shall be given in the manner prescribed by ORS 342.513. If the school board fails to give notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than the annual salary being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the school board to issue such a one-year contract for the following year."

ORS 342.513:

"(1) Each district school board shall give written notice by March 15 of each year to all teachers and administrators in its employ who are not under tenure or who are not eligible for a three-year contract under ORS 342.508 the renewal or nonrenewal of the contract for the following school year. In case the district school board does not renew the contract, the material reason therefor shall, at the request of the teacher or administrator, be spread upon the records of the school district and the board shall furnish a statement of the reason for nonrenewal to the teacher or administrator. If any district school board fails to give such notice by March 15, the contract shall be considered renewed for the following school year at a salary not less than that being received at the time of renewal. The teacher or administrator may bring an action of mandamus to compel the district

school board to issue such a contract for the following school year.

"* * * * *"

Defendant district claims it has followed the above statutes in its effort to terminate plaintiff's contract and therefore is no longer obligated to him.

The issue in this case, then, is whether the defendant district has authority to promulgate binding rules and regulations concerning nonrenewal which are different from the provisions of statutes set out above. If these statutes pre-empt the field relative to nonrenewal of teacher contracts, the rules and regulations are a nullity and defendant district would not be bound to comply with them. However, if the statutes only set forth minimum standards, the defendant district may properly bind itself to follow higher standards and can be found liable for failure to comply with those rules.

ORS chapters 332 and 342 cover the school district activities involved in this case. Chapter 332 is entitled Local Administration of Education, and it is concerned with district school boards and school districts. ORS 332.072 to 332.111 set forth the status, general powers and duties of the districts and their boards. ORS 332.107 reads as follows:

"Each district school board may establish rules for the government of the schools and pupils consistent with the rules of the State Board of Education."

This is a broad, general statute and by itself imposes no restriction on the board's rule-making authority except the requirement of consistency with the rules of the State Board of Education. Defendant district does not contend that the district rules we are con-

sidering are inconsistent with any state Board rule. In addition, the policy of the State Board of Education is set forth in ORS 326.011 as follows:

"In establishing policy for the administration and operation of the public schools of the State of Oregon and in carrying out its duties as prescribed by law, the State Board of Education shall consider the goals of modern education, the requirements of a sound, comprehensive curriculum best suited to the needs of the students and the public and any other factors consistent with the maintenance of a modern and efficient school system."

Plaintiff argues that the district's rules are consistent with this state Board policy because they encourage the development of an efficient teaching staff with continuity and afford the school board the means of fulfilling its statutory obligation to control the district's schools and be responsible for educating the children residing within the school district.

Another statute, ORS 332.505, concerns the authority of the school board to employ personnel. It reads in part as follows:

"A district school board may:
"* * * * *
"(2) Employ * * * teachers * * * and define the duties, terms and conditions of employment and fix the compensation."

Here again is a broad, general power granted to the school board. It is to be noted, however, that the statute says nothing about removal. Obviously the power to remove can be found to be an inherent part of the power to employ. However, since the statute is silent on removal, it places no express restrictions on the district board concerning removal of personnel.

ORS ch 342 is entitled Teachers and Other

School Personnel. The statutes claimed by defendant district to be controlling (ORS 342.508 (2) and ORS 342.513, set out supra) are in the section covering hiring, dismissal and resignation of teachers. In essence, these statutes provide that notice of renewal or nonrenewal of teacher contracts shall be given by the district board to the teachers by March 15. The giving of the notice is not a power of the district board, but a duty. The teachers have an express statutory right to be informed of renewal or nonrenewal by March 15 and this right cannot be transgressed by the board. The board may not enact any rules which violate this statute.

*Laing v. School District No. 10,* 190 Or 358, 373, 224 P2d 923 (1950), and *Crawford v. School District No. 7,* 68 Or 388, 401, 137 P 217, 50 LRA(ns) 147 (1913), are cited for the proposition that "School boards have no powers excepting those expressly granted, and those necessarily implied from those that are granted." This is not inconsistent with the position urged by plaintiff. The power to employ personnel is express; the power to remove is necessarily implied therefrom, and no express restrictions on this power have been pointed out to us nor are we able to find any in the Oregon statutes or decisions. None of the cases cited by either party are inconsistent with this determination.

We conclude that the adoption by the school district of the rules and regulations set out above and their inclusion in plaintiff's contract is not a transgression of the express statutory rights mentioned, nor inconsistent with other statutes pertaining to the subject. The defendant's demurrer should have been overruled.

·We do not reach the question whether the defendant district complied with the statutory renewal provisions of ORS 342.513, which was the question in *Stowe v. School Dist. No. 8-C*, 240 Or 526, 402 P2d 740 (1965), nor do we reach the due process question urged by plaintiff.

Reversed and remanded for proceedings consistent with this opinion.