Argued December 19, 1974, affirmed January 20, 1975

# JINKERSON (No. 73-0858), *Appellant, v.* LANE COUNTY SCHOOL DISTRICT NO. 19 (SPRINGFIELD), *Respondent.*

531 P2d 289

*Leslie M. Swanson, Jr.,* Eugene, argued the cause for appellant. With him on the briefs were John L. Franklin and Johnson, Johnson & Harrang, Eugene.

*Merwin C. Logan,* Springfield, argued the cause for respondent. With him on the brief were Moore, Wurtz & Logan, Springfield.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C. J.

During his second year as a probationary teacher employed by the defendant school district, plaintiff received timely notice that his annual employment contract would not be renewed. Plaintiff then initiated this declaratory judgment proceeding challenging the school district's adverse decision. The trial court ruled in favor of the school district, and plaintiff appeals.

Plaintiff contends the school district did not have sufficient good-faith cause to refuse to renew his employment contract. He relies upon ORS 342.835 (2):

"The district board may, *for any cause it may deem in good faith sufficient,* refuse to renew the contract of any probationary teacher. However, the teacher shall be entitled to notice of the intended action by March 15." (Emphasis supplied.)

The parties have briefed and argued this case as if the issue were the interpretation to be given to the emphasized part of ORS 342.835 (2). As we read the record, that is not the issue.

■ Plaintiff's complaint failed to allege with any specificity the basis for his contention that the school district's substantive decision was made in bad faith.[1] Although the school district demurred to the complaint, the demurrer does not clearly object to this lack of specificity.[2] After its demurrer was overruled, the school district filed an answer. It denied plaintiff's

---

[1] To the extent that it is all specific, plaintiff's complaint alleges bad faith based on two bodies of school district rules: (1) those governing probationary teachers, the tenor of which is that before a probationary teacher's contract is not renewed every effort should first be made to help the teacher become a better teacher; and (2) those governing grievance procedures, or, more accurately, conciliation procedures, which provide that the ultimate decision rests with the school board. Unlike in Owens v. School District, 3 Or App 294, 473 P2d 678, Sup Ct *review denied* (1970), the plaintiff does not here base his cause of action directly on these school district rules; instead, he contends violation of the probationary-teacher and grievance-procedure rules is evidence of bad faith. This contention has no merit. Assuming it were established that the school district deviated from the rules in question, which are basically procedural, this would not amount to bad faith within the meaning of ORS 342.835 (2).

[2] There is some authority which limits the use of demurrers in declaratory judgment proceedings. *See,* Cornelius v. City of Ashland, 12 Or App 181, 506 P2d 182, Sup Ct *review denied* (1973), and cases discussed therein.

conclusory allegation of lack of good faith, but did not affirmatively indicate what the reasons were for not renewing plaintiff's contract. As an affirmative defense the school district contended that its decision "not to renew Plaintiff's contract is final and not subject to review," citing ORS 342.835 (2).

When this case was called for trial, counsel stated that there was a preliminary legal issue they wished to submit that might moot the need for a full trial. It is not completely clear exactly how counsel framed the issue.[9] Part of the argument that followed indicates the issue is whether proof that the school district's decision was made in bad faith would entitle plaintiff to any relief. At another point counsel stated the issue to be that "raised by the school district's affirmative defense," i.e., whether its decision is subject to judicial review at all. But these may be just two different ways of stating the same basic issue.

After taking the matter under advisement, on October 30, 1973, the trial court sent a letter to counsel stating "I find in favor of Defendant," but that the plaintiff could "have an opportunity to indicate whether or not he wishes to" call witnesses and present evidence. Apparently the plaintiff chose to exercise that option, because counsel were before the trial court again on March 7, 1974. Plaintiff introduced two exhibits—depositions of the principal of the school where he had taught and of the chairman of the school board. The school district introduced some documentary evidence—evaluations of plaintiff's teaching and plain-

[9] During arguments to the trial court, both counsel repeatedly referred to memorandums that apparently were previously furnished to the trial court. Unfortunately, the memorandums are not included in the trial court file.

tiff's written response to those evaluations. The trial court asked whether either side wished to present additional evidence. Both counsel indicated they preferred "to bring the matter to a close." The trial court subsequently entered the judgment for defendant that is the subject of this appeal.

■ As we interpret this sequence of events, the trial court's October 30, 1973 letter opinion—to which the parties direct their arguments—is not and cannot be the basis of this appeal. Whatever the legal issue was that the parties had presented and the trial court was purporting to resolve at that time, the fact remains that the trial court offered the parties an opportunity to present any and all evidence that they wished to present on the question of whether the decision not to renew plaintiff's teaching contract was made in good faith or bad faith within the meaning of ORS 342.-835 (2). Only after the parties indicated they had introduced all evidence they wanted to, did the trial court enter judgment. We thus interpret that judgment as a decision on the merits—that plaintiff had not proved any lack of good faith.

■■ As so interpreted, the judgment must be affirmed. Oregon appellate courts have not previously had occasion to directly consider the good-faith requirement expressed in ORS 342.835(2). In *Schlichting v. Bergstrom,* 13 Or App 562, 511 P2d 846 (1973), we noted that there are substantive constitutional limits on the reasons a public employer can rely on to discharge a public employe. Presumably the same constitutional limits would apply to a decision not to renew a public employe's annual contract. Thus, it may be that the good-faith requirement in ORS 342.835 (2) means only that nonrenewal cannot be based on a constitutionally

impermissible reason. Also in *Schlichting* we noted that:

> " 'The courts will pass upon * * * action of an administrative agency which is tainted with fraud, bad faith, dishonesty, corruption, collusion, malice, wrongful motive, or intentional wrongdoing, whether or not a statute so provides and even as to matter which is otherwise quite free from judicial review.' * * *." 13 Or App at 578, quoting from 2 Am Jur2d 513-14, Administrative Law § 653.[4]

This doctrine may afford a basis for interpretation of the good-faith requirement of ORS 342.835 (2). But whatever the precise meaning of the good-faith requirement of ORS 342.835 (2), a question we do not here decide, it is apparent that it is a very narrow limitation on a school district's exercise of professional judgment in personnel matters.[5] Moreover, it is apparent, as plaintiff conceded in the trial court, that the burden would be on the teacher whose contract was

---

[4] Contrary to plaintiff's reading of Schlichting v. Bergstrom, 13 Or App 562, 511 P2d 846 (1973), we did not hold that the above-quoted passage accurately states Oregon law. Instead, we noted that Oregon appellate courts have not passed on the question one way or the other. That remains true because we again find we have no occasion to consider whether this passage states Oregon law.

[5] In Papadopoulos v. Bd. of Higher Ed., 14 Or App 130, 160, 511 P2d 854, Sup Ct *review denied* (1973), *cert denied* 417 US 919, 94 S Ct 2626, 41 L Ed 2d 224 (1974), we stated that a probationary public school teacher, like plaintiff in this case, "has no job security when an annual contract is not renewed." That statement, admittedly dicta, might be too broad. Of course, as we think was clear in context in *Papadopoulos,* and as is noted above, a probationary teacher might have job security to the extent that he cannot be denied contract renewal for constitutionally impermissible reasons. We think it is an open question, notwithstanding the dicta in *Papadopoulos,* whether under ORS 342.835 (2) a probationary teacher enjoys a limited measure of statutory job security greater than his constitutional job security. *See* n 4, supra.

not renewed to plead and prove such decision was made in bad faith.

■ In this case, the plaintiff failed to sustain that burden. The depositions and documents introduced when counsel appeared before the trial court the second time indicate that plaintiff had some strengths and some weaknesses as a young teacher. The weaknesses included some friction with fellow teachers and students, and a chronic failure to adequately maintain his "plan book"—an omission that the school principal regarded as insubordination after repeated requests to comply with this requirement. Whatever the ultimate interpretation to be given to the good-faith language in ORS 342.835 (2), we hold that as a matter of law this record does not establish lack of good faith. Reasonable men could differ about whether plaintiff's strengths or weaknesses as a teacher predominated. The school district had the responsibility of making that judgment. The fact that others might have made it differently does not establish any lack of good faith.

Affirmed.