Harry R. CAVETT, Appellant,

v.

The GEARY BOARD OF EDUCATION et al., Appellees.

No. 50752.

Supreme Court of Oklahoma.

Dec. 5, 1978.

Fagin, Hewett, Mathews & Fagin, Arnold D. Fagin, Cliff A. Jones, Legal Intern., Oklahoma City, for appellant.

Howell, Weber & Sharpe, Larry Lewis, Midwest City, Larry Derryberry, Atty. Gen., and R. Thomas Lay, Asst. Atty. Gen., Oklahoma City, for appellees.

WILLIAMS, Justice.

This is an appeal by Harry R. Cavett from a judgment of the District Court of Oklahoma County which affirmed the holding of the State Board of Education that it had no jurisdiction of an appeal from the action of the Geary Board of Education in failing to renew appellant's employment contract as Superintendent of Schools.

There is no dispute as to the pertinent facts. Appellant was employed by the Board for the school years 1973–1974, 1974–1975, and 1975–1976. On January 5, 1976, the Board voted to renew appellant's contract for the following school year. However, no written contract was executed or issued, and on April 5, 1976, before the end of the 1975–1976 school year, the Board rescinded its prior action and voted not to re-employ appellant for the coming year. Due notice of this action was given to, and received by, appellant, before April 10th. At his request, a hearing was held by the Board on June 7, 1976, after which the action was reaffirmed.

The decision of the Board was appealed to the Professional Practices Commission pursuant to 70 O.S. 1974 Supp., Sec. 6–122 (now repealed). On July 26, 1976, the Commission in effect held that appellant was a tenured teacher and ordered his reinstatement.

The Board then appealed to the State Board of Education which, after hearings as provided by law, held in effect that appel-

lant was not a tenured teacher who was entitled to appeal the action of the local Board under Sec. 6–122, with the result that the State Board had no jurisdiction of the attempted appeal. This action had the effect of sustaining the action of the local Board in failing to renew appellant's contract. Appellant then filed a petition for review in the District Court of Oklahoma County which, after appropriate proceedings, sustained the holding of the State Board.

As is evident, the determinative question in this case is whether or not the provisions of Sec. 6–122 (now repealed) were applicable.

That section provided in pertinent part as follows:

"The failure by the board of education to renew the contract of any teacher who *has completed three (3) years* shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action *  * "

(Emphasis added.)

Other paragraphs of the same section provided for successive appeals to the Professional Practices Commission and the State Board of Education. The Petition for review in the District Court was pursuant to the Administrative Procedures Act, 75 O.S. 1971, Sec. 318.

 In this Court, appellant argues under several propositions that he was a tenured teacher (one who had completed three years) under Sec. 6–122, and entitled to the protection of that section. We find it unnecessary to consider the arguments separately, because they are all based, directly or indirectly, upon the proposition that the action of the local Board on January 5, 1976, in voting to renew appellant's employment, had the effect of reemploying appellant and shortening the three-year period. No authority in support of this proposition

is cited, and we know of none. As we have seen, no written contract was executed or issued. Under 70 O.S. 1971, Sec. 6–101, a teacher's contract of employment must be in writing. That being true, the Board's subsequent action on April 5, 1976, in voting not to re-employ appellant and giving notice thereof, was within its statutory authority. Since such notice was admittedly received before April 10, 1976, it cannot be said that appellant's contract was renewed by operation of law under 70 O.S. 1971, Sec. 6–101 E.[1]

Appellant argues that he "completed three years" and "qualified for tenure as of January 5, 1976, when he was re-employed for his fourth year as Superintendent of the Geary Public Schools". However, as we have seen, he was not "re-employed" on that date, because no contract was executed, and under the admitted facts in this case, he had not *completed* three years.

In summary: the pertinent language of Sec. 6–122 is plain and unambiguous. Where the language of a statute or ordinance is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction, the statute will be accorded the meaning as expressed by the language therein employed; *Seventeen Hundred Peoria, Inc. v. City of Tulsa*, Okl., 422 P.2d 840. Where the language of a statute is plain and unambiguous, there is no room for construction thereof; *Forston v. Heisler*, Okl., 363 P.2d 949.

The judgment of the trial court is affirmed.

All Justices concur.

---

1. Under 70 O.S. 1971, Sec. 6–101 E, if, by April 10th, a board of education has not entered into a written contract with a regularly employed teacher, and has not notified him in writing that he will not be re-employed, and if, by April 25th, the teacher has not notified the Board in writing that he does not desire to be re-employed, the teacher shall be considered as employed on a continuing contract basis for the ensuing fiscal year.