Melody MILLER, an Individual, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT NO. 56 OF GARFIELD COUNTY, Oklahoma; John Loewen, Charles Vanderwork, Stanley Dotson, Carol Vaverka, and Richard Horney, Individually and in their capacities as members of the Board of Education of Independent School District No. 56 of Garfield County, State of Oklahoma, Appellees.

No. 51869.

Supreme Court of Oklahoma.

Feb. 5, 1980.

---

757

Fagin, Hewett, Mathews & Fagin, Arnold D. Fagin and Ronald E. Stakem, Oklahoma City, for appellant.

Stephen Jones, Enid, for appellees.

WILLIAMS, Justice.

Appellant (Mrs. Miller), plaintiff in the trial court, brings this appeal from a decision of the District Court of Garfield County. Appellee, Independent School District No. 56 (District/Board) was granted summary judgment on all issues arising from a claim that Mrs. Miller's contract as a high school teacher was wrongfully non-renewed.

The facts are not in dispute. Mrs. Miller was employed by District as a high school teacher during the school years 1974–75, 1975–76 and 1976–77. The contract under which she was employed was written and complied with this State's written contract requirement. Mrs. Miller had not acquired the status of a tenured teacher.

The Board on March 7, 1977, voted to not renew appellant's employment contract for the following school year. She was notified accordingly by letter which was received on March 31, 1977, ten days before the April 10th statutory deadline.[1]

1. 70 O.S.1971 § 6–101E "E. A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis . . ."

Thereafter, at the Board's next regularly scheduled meeting on April 4, 1977, Mrs. Miller personally appeared and requested reasons for her non-renewal. No reasons were given. That request and subsequent written requests were not granted.

At the time appellant's contract was non-renewed, District had in effect a previously adopted policy called General Policies. In pertinent part under its Section A. Contracts, it provided as follows, to-wit:

> Contracts for all school employees shall be written in compliance with the State School Code. The Pioneer-Pleasant Vale Board of Education desires a continuity of service so long as services are satisfactory. Refusal to renew an appointment shall be based on incompetence, insubordination, neglect or (sic) duty, immorality, revocation of teaching certificate of (sic) any other good and just cause. In the event an employee is not to be offered a new contract he shall be notified in writing; giving reasons. Such notification shall be given as much in advance of April 1 as possible. A teacher who is so notified shall have a right to a public hearing with Board of Education prior to final action by the Board if he or she makes a request, in writing, for such a hearing.[2]

To be noted, with respect to applicability of the quoted policy, is the fact that no distinction was made between tenured and non-tenured teachers.

In the trial court, Mrs. Miller sought a judgment among other things of effect to reinstate her to her teaching position for the ensuing year (1977–1978) pursuant to contract and school district policy. As stated, the trial court rendered summary judgment against her and she appeals.

The issues on appeal are (1) whether her rights as a teacher concerning non-renewal under employment contract were expanded by the board's having adopted and published the policy rules involved and (2) if so, what the effect of noncompliance on the part of the Board is.

Our first inquiry is as to what Mrs. Miller's rights under her contract of employment were. By its terms she had been employed for three successive school years as above stated. Not having completed three full years at the times herein involved, admittedly she had not attained tenured status.

At all times involved, there was in effect a statute which provided that the school board "shall have the power . . . to make rules and regulations, not inconsistent with the law . . . ."[3] It delegates the power to boards to govern school districts. It not only permits, but requires the adoption, maintenance and filing for public inspection, of a personnel policy.

It is argued that it was pursuant to that statute that Board had adopted subject policy.

█ A contract includes not only the promises set forth in express words, but, in addition, all such implied provisions as are indispensable to effectuate the intention of the parties, and as arise from the language of the contract and the circumstances under which it was made. *Cox v. Curnutt*, Okl., 271 P.2d 342, 345 (1954); 4 Okl.D. Contracts

---

**2.** Neither party makes an issue concerning difference in dates, April 1, suggested by subject policy rule and April 10 fixed by statute quoted in Note 1 and that difference is noticed no further in this opinion.

**3.** 70 O.S.1972 (now 1979) Supp. § 5–117 which states in pertinent part: "The Board of Education of each school district shall have power to elect its own officers; *to make rules and regulations, not inconsistent with the law* or rules and regulations of the State Board of Education, *governing* the Board and *the school sys-tem* of the district; *to maintain and operate a complete public school system of such character as the Board of Education shall deem best suited to the needs of the school districts*; . . . *to contract with* and fix the duties and compensation of . . . *teachers* . . . . Provided, further, the Board of Education of each school district *shall adopt and maintain* on file in the office of the superintendent of schools, and available to the public, an *appropriate personnel policy* and sick leave guide." (Emphasis added).

759

§ 167; *N. Y. Cas. Co. v. Sinclair Refg. Co.,* 108 F.2d 65 (10th Cir. 1939); 17A C.J.S. Contracts § 328, Notes 38 and 38.5 and other Oklahoma Federal cases there cited.

In the 1970 case of *Owens v. S. D., etc., of Umatilla Co.,* 3 Or.App. 294, 473 P.2d 678, the Oregon Court of Appeals had for consideration the matter of non-hiring of a teacher, allegedly contrary to school district rules as to notice and hearing. That Appeals Court said that the issue there was "whether the defendant district [had] authority to promulgate binding rules and regulations concerning nonrenewal which are different from the provisions of statutes . . . ." It continued, "[I]f the statutes only set forth minimum standards, the defendant district may properly bind itself to follow higher standards and can be found liable for failure to comply with those rules." That Court there determined the adoption by the school district of rules and regulations requiring timely notification of decision not to renew teacher's contract and affording opportunity for hearing, and their inclusion in plaintiff's contract was not a transgression of the express statutory right to be informed by March 15 of renewal or nonrenewal.

In our present case, the rules and regulations the Board was by the quoted statute empowered to make may not be inconsistent with the law. The word, inconsistent means mutually repugnant or contradictory; contrary, the one to the other, so that both cannot stand, but the acceptance or establishment of the one implies the abrogation or abandonment of the other.[4]

■ Analysis of Section 6–101E. supra, demonstrates a legislative intent, and indeed a mandate that a teacher's existing written contract will be renewed automatically by force of law if (1) Board has not either (a) entered into a renewal contract or (b) notified teacher of nonrenewal by April 10th and, (2) if by April 25th teacher has not in writing notified Board, teacher does not desire to be reemployed. The section does not state Board cannot bind itself ear-

lier than April 10th. The rule merely expands the teacher's right to notice, in the event one is to be given, and to a hearing in the aspects noted, prior to Board taking final action. We determine the rule is not inconsistent with the statute.

■ We hold the policy statement here in question was by implication included in Mrs. Miller's contract of employment, and conclude that appellee Board had the authority delegated to it to in turn create a duty and it did so create a duty on its part as expressed in the above quoted "General Policies" rule to notify appellant of nonrenewal of her contract, giving reasons and to grant her a public evidentiary hearing upon her having made written request therefor, prior to final Board action. It appears beyond question that the Board, apparently believing it was not bound by the policy rule here involved, refused to comply with it.

We have mentioned that the trial court granted summary judgment against Mrs. Miller on all aspects of her case. Whether she might have demonstrated to the trial court that she had any rights beyond those of notice "with reasons" and to a public, meaningful evidentiary hearing upon written request therefor prior to final action by the Board, the trial court by sustention of motion for summary judgment deprived itself of the opportunity to hear and decide.

■ This leads us to the matter of effect of noncompliance by Board. In the U.S. Supreme Court opinion in the case of *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) wherein was involved the right to remove a civil service employee of the U.S. and the procedure to be followed in doing so, the Court as quoted in our decision in *Umholtz v. City of Tulsa,* 565 P.2d 15, 24, said that "[W]here the grant of a substantive right in inextricably intertwined with the limitations on procedures which are to be employed in determining that right, a litigant in the position of appellee must take the bitter with the sweet." So, with the present appellee.

4. Black's Law Dictionary, Revised Fourth Edition, pg. 907. *Atlas Paving Co. v. Tate,* 559

P.2d 1269, 1271 (Okl.App.1977). See also 42 C.J.S. Inconsistent page 541.

**760**

Inasmuch as our determination of the issues in the present appeal has been reached through the consideration of applicable principles of contract law and matters related thereto, there remains no reason for consideration herein of principles of constitutional law. See our recent decision in the case of *Neumann v. Tax Commission of Oklahoma*, 596 P.2d 530 (Okl.1978) citing *Crowell v. Benson*, 285 U.S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598, 619.

On the basis of the foregoing discussion of the matters involved here, since Mrs. Miller has shown she had the right to reasoned, meaningful, and factual explanation of nonrenewal of her contract and entitlement to an opportunity to challenge its sufficiency before the Board took final action, we conclude that the summary judgment for the Board should not have been granted. The judgment of the trial court, accordingly, is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein.

We do not hold Mrs. Miller is necessarily entitled to reinstatement but only that she is entitled to notice with reasons and an opportunity to be heard as has been explained. The matter of what further action, if any, should be taken either by Board or the trial court in the light of succeeding developments is not presently before us.

REVERSED AND REMANDED.

IRWIN, V. C. J., and HODGES, BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.