**BOARD OF EDUCATION, VICI PUBLIC SCHOOLS, INDEPENDENT SCHOOL DISTRICT NO. I-5, DEWEY COUNTY, Oklahoma, Appellee,**

v.

**Lewis MORRIS, Appellant.**

**No. 57900.**

Supreme Court of Oklahoma.

Nov. 30, 1982.

Rehearing Denied Jan. 25, 1983.

---

1. ...

259

Duke Halley, Hieronymus, Hodgden, Halley & Meyer, Woodward, for appellee.

Ronald E. Stakem, Fagin, Hewett, Mathews & Fagin, Oklahoma City, for appellant.

BARNES, Vice Chief Justice:

Commencing with the 1974–75 school year, Lewis Morris, appellant, was employed as Superintendent of Schools by the Board of Education, Vici Public Schools, Independent School District No. I–5, Dewey County, Oklahoma, appellee. He continued to serve in that capacity through the 1980–81 school year. Appellant, who is certified as a Superintendent and as a Secondary Math and Science Instructor, also taught during the 1974–75 school year and the 1976–77 school year.

On October 3, 1977, appellee adopted a policy of evaluation for all teachers and administrators, as required by 70 O.S.1981 § 6–102.1 et seq. Appellee approved specific forms upon which to evaluate all teachers and administrators. However, appellee failed to prepare written evaluations of appellant's performance in the 1977–78, 1978–79 or 1979–80 school years. In the 1980–81 school year, one of appellee's members

failed to numerically rate appellant's performance, and each of the other four members completed the first page of a two-page evaluation form which asked the appellee's members to rate appellant based on certain numerical ratings, "1-poor to 5-outstanding." A majority of appellee's members gave appellant a rating of above "3-average" and closer to "4-strong." The evaluation form had a second page which asked appellee's members to indicate any changes in administrative procedure or practice which they thought would improve the school. Two of appellee's members completed this page and leveled several areas of criticism at appellant.

On February 2, 1981, appellee voted not to renew appellant's contract by a 3 to 2 margin and notified appellant accordingly. At that time appellant demanded a due process hearing, under 70 O.S.1971 § 6–122, prior to its repeal, and appellee said that the statute was not applicable to school superintendents; thus, appellee sought to invoke the original jurisdiction of this Court so that the statute could be quickly construed. We denied that application, and appellee filed this action seeking a declaratory judgment that appellant was not tenured as a superintendent, and therefore, not entitled to a hearing under Oklahoma law. Appellant answered and cross-petitioned seeking a declaration that he was deprived of his property interest as a tenured superintendent without either a pre-deprivation or post-deprivation hearing. Additionally, appellant alleged breach of contract in that the evaluation policy adopted by appellee became an implied provision of his contract, and he was not renewed despite the fact that not all of appellee's members had performed a written evaluation of his performance, and a majority had voted his performance above average.

## I.

▆▆▆ Did the legislature intend to grant tenure status to district superintendents?

Appellant contends that superintendents were tenured as teachers prior to the repeal of the tenure statute, 70 O.S.1971 § 6–122, as a result of the definition of "teacher" in 70 O.S.1981 § 1–116 which provides:

1. Teacher: Any person who is employed to serve as district superintendent, county superintendent, principal, supervisor, counselor, librarian, school nurse or classroom teacher, or in any other instructional, supervisory, or administrative capacity, is defined as a teacher. Such person shall not be deemed qualified unless he or she holds a valid certificate or license, issued by and in accordance with the rules and regulations of the State Board of Education, to perform the particular services for which he or she is employed.

Appellant contends that he qualifies as a tenured "teacher", in that he had completed three years of service as a superintendent prior to the repeal of the tenure statute. Therefore, appellant claims he is entitled to a hearing under § 6–122, which affords the "teacher" an opportunity to appear before and confront his accusers.

Appellant relies heavily on *Cavett v. Geary Board of Education*, 587 P.2d 991 (Okl.1978) to sustain his position. In that case, Cavett, the superintendent of Geary Public Schools from 1976 until 1978, claimed that he acquired tenure under 70 O.S.1971 § 6–101 and § 6–122. We decided that Cavett had not acquired tenure because he had not completed three years in his position. Therefore, the question as to whether a superintendent could acquire tenure under 70 O.S.1971 § 6–122 went undecided. Based on *Cavett*, appellant claims that the Court impliedly recognized that one assigned as superintendent was a "teacher" within the meaning of that word in 70 O.S.Supp.1974 § 1–116(1), 70 O.S.1971 § 6–101(E) and § 6–122. Since appellant has obviously been employed for more than three years as a superintendent, appellant claims he should be granted tenure status and the applicable rights afforded by 70 O.S.1971 § 6–122, prior to its repeal.

Appellee, on the other hand, contends that 70 O.S.1981 § 1–116(1) broadly enumerates all persons who are teachers, or simply, all those who must be certified as teachers.

Appellee points out that 70 O.S.1981 § 6–102.1 lists "administrators" and "tenured teachers" as separate definitions. The definition for tenured teacher is:

6. "Tenured teacher" or "postprobationary teacher" means a duly certificated teacher who has completed three (3) or more consecutive complete school years of teaching service in one school district under a written teaching contract, as provided by law. Provided, however, that a school district employing a teacher who has previously held tenure within the state may grant tenure to said teacher upon renewal of said teacher's contract for the second year in the district.

The definition for administrator is:

1. "Administrator" means any teacher who devotes a majority of his time to service as a superintendent, principal, supervisor, vice principal or in any other administrative or supervisory capacity in the school district;

Appellee notes that there would be no need for the separate definitions if administrators are considered teachers for purposes of this act. Appellee further contends that 70 O.S.1981 § 6–103.1(B) clearly indicates that a school employee acting in an administrative capacity cannot achieve a tenured status. 70 O.S.1981 § 6–103.1(B) provides:

B. The dismissal, suspension and nonreemployment procedures of this act shall apply to administrators only insofar as they have qualified as tenured teachers, and none of the provisions of this act shall grant tenure to an administrator acting in the capacity of an administrator.

We agree with appellee's approach. 70 O.S.1981 § 1–116 is merely a broad statement of all personnel who must be certified as teachers, and the term "tenured teacher" as applicable to 70 O.S.1981 § 6–102.1 et seq. is qualified to include only those who have "completed three (3) or more consecutive school years of teaching service." Furthermore, under 70 O.S.1981 § 6–103.1(B) an administrator acting in the capacity of an administrator cannot be tenured. An administrator must be teaching to be on the tenure track, and even then he can only be tenured as a "teacher" and not as an "administrator". We hold that it was never the intention of the legislature to afford tenure to superintendents. The intention of the legislature in amending a statute may be either to effect a change in existing law or to clarify that which was previously doubtful, and in determining the purpose intended in a particular case, the courts may properly consider whether the statute before amendment, was clear or ambiguous. *Magnolia Pipe Line Co. v. Oklahoma Tax Commission,* 196 Okl. 633, 167 P.2d 884 (1946). Section 6–102.1 and § 6–103.1(B) have clarified the former ambiguity in § 6–122, and manifest the legislative intent that superintendents were never meant to be tenured.

### II.

■ Did the policy of evaluation adopted by appellee form a part of appellant's employment contract that appellee had to comply with to not reemploy appellant?

Appellant basically contends that appellee adopted an evaluation policy and that compliance with the evaluation policy is a necessary precedent to non-renewal of this employment. *Miller v. Independent School District No. 56,* 609 P.2d 756 (Okl.1980) held that since the school board had adopted a written policy which required the board to give written notice and a hearing to any teacher that would not be reemployed, the teacher's contract was enlarged to include these provisions. In *Miller,* the School Board's policies expanded the minimum statutory rights that had to be afforded to the personnel involved.

*Miller* is distinguishable from the present case in that there is no allegation, nor are any facts presented in the case at bar which indicate that appellee obligated itself orally or in writing to base its non-renewal decision on the evaluation. 70 O.S.1981 § 6–103(B) provides that:

In determining whether the professional performance of a teacher is inadequate, consideration *may* be given to any written standards of performance which

may have been adopted by the State Board of Education, or any education-oriented organization or agency. (emphasis added)

### III.

 Was the appellant deprived of loss of property without due process of law?

Appellant contends that he possessed a property interest in continued employment, and was not given a prompt hearing affording him the opportunity to appear and confront appellee. We disagree. *Perry v. Sinderman,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972), and *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) held that absent a policy, a practice of the university, or a state statute to the effect that the teacher had an entitlement to reemployment, the professor was not entitled to a hearing. In *Roth,* the Court said:

> Thus, the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year. They supported absolutely no possible claim to entitlement to re-employment. Nor, significantly, was there any state statute or University rule or policy that secured his interest in re-employment or that created any legitimate claim to it. In these circumstances, the respondent surely had an abstract concern in being rehired, but he did not have a *property* interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract of employment. *Id.* 92 S.Ct. at 2710.

Therefore, since neither a state statute nor any policy of appellee secured appellant's interest in reemployment, appellant was not entitled to a hearing.

AFFIRMED.

IRWIN, C.J., and LAVENDER, SIMMS, DOOLIN, HARGRAVE, OPALA and WILSON, JJ., concur.