Dear Honorable George,
The Attorney General has received your request for an official opinion, asking:
 1. "Pursuant to 1985 Okla. Sess. Laws, c.113, 5, does the Department of Transportation have authority to determine the roads or bridges to be used for access to a proposed controlled industrial waste facility?"
 2. "If your answer to the first question is in the affirmative, does the Department of Transportation, pursuant to same authority cited above, also have the authority to determine the number of miles to be upgraded for access to a proposed controlled industrial waste facility?"
Your opinion request concerns legislative amendments to the Controlled Industrial Waste Disposal Act (hereinafter "the Act"). 63 O.S. 1-2001 et seq. (1981).
During the recent legislative session new sections were added to the Act and some existing sections were amended. Specifically, you inquire about 1985 Okla. Sess. Laws c.113, 5, a new section to be codified at 63O.S. 1-2005.3 (1985), which provides in pertinent part:
 "A. Regarding a construction permit application for a controlled industrial waste facility, the board of county commissioners of the county in which the waste facility is located and the board of county commissioners of any county contiguous to the waste facility whose roads and bridges are to be used to provide access to the proposed waste facility shall review the county road classification plans as described in 69 O.S. 654 of the Oklahoma Statutes and substantiate whether the county roads and bridges to be used to and from such controlled industrial waste facility in their respective counties may be used without any substantial detriment to said roads and bridges as provided in 47 O.S. 14-113 of the Oklahoma Statutes. If any of said board of county commissioners finds that substantial detriment to the roads and bridges in their respective counties would occur, said board shall determine reasonable measures necessary to upgrade the roads and bridges and allow the applicant for a controlled industrial waste facility to upgrade or pay for the upgrading of said roads and bridges if the applicant receives a construction permit.
 "B. The Department shall not issue a construction permit for any new controlled industrial waste facility unless:
 "1. Each board of county commissioners, as appropriate pursuant to subsection A of this section, has substantiated by resolution that the county roads and bridges as they exist can be used without any substantial detriment to said roads and bridges as provided by the restrictions imposed by 47 O.S. 14-113 of the Oklahoma Statutes; or
 "2. The applicant has agreed to upgrade or pay for the upgrading of the roads and bridges to the reasonable measures determined by the appropriate board of county commissioners or to the design standards established by the Oklahoma Department of Transportation for industrial access roads.
 "An operation permit shall not be granted by the Department to the applicant until the necessary upgrades to the roads and bridges have been made."
Generally, the Act vests the State Department of Health (hereinafter "Department") with regulatory responsibility for the treatment, disposal, transportation, storage and recycling of controlled industrial waste. See 63 O.S. 1-2004 (1981). The Department has the duty to issue permits for the construction and operation of controlled industrial waste facilities, sites and practices. 63 O.S. 1-2004(1) (1981).
In your initial question, you ask whether, pursuant to the new section of the Act cited above, the State Department of Transportation has the authority to determine which roads and bridges are to be used for establishing access to a proposed facility.
It is a fundamental rule of statutory construction that "[w]here the language of a statute is plain and unambiguous, there is no room for construction thereof." Cavett v. Geary Board of Education, 587 P.2d 991,993 (Okla. 1978).
Pursuant to a plain reading of the new section cited above, if the county commissioners determine that the use of roads and bridges for access to a facility would result in substantial detriment to said roads and bridges, the board shall allow the applicant to upgrade or pay for the upgrading to the reasonable measures determined by the board. This section clearly reveals no authority for the Department of Transportation's involvement in the determination of which roads and bridges are to be used for access to a proposed facility. To the contrary, such involvement by the Department of Transportation is limited strictly to the establishing of design standards for industrial access roads as provided in Section B(2). As there is no ambiguity present in this statute, we are bound by the plain expression.
Given our negative response to your first question, we are not obligated to address your second question.
It is, therefore, the official opinion of the Attorney General that1985 Okla. Sess. Laws, c. 113, 5 does not authorize the Department ofTransportation to determine which roads or bridges will be used foraccess to a proposed controlled industrial waste facility. To thecontrary, the Department of Transportation is limited strictly toestablishing design standards for industrial access roads as provided inthe statute. 1985 Okla. Sess. Laws, c. 113, 5, to be codified as 63 O.S.1-2005.3 (1985).
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
F. ANDREW FUGITT, ASSISTANT ATTORNEY GENERAL