Dear Honorable Hill,
The Attorney General has received your request for an official opinion asking, in effect:
 1. In a case where a city and/or county is the sole owner and operator of a hospital, do the limits set on waiver of immunity established in the Governmental Tort Claims Act, 51 O.S. 151 et seq. (1985), apply?
 2. If such immunity and waivers are generally applicable, would they be applicable where:
 (a) the city and/or county is the sole owner of a hospital, but leases the operation of that facility to another party, or
 (b) the city and/or county is the sole beneficiary of a trust that operates a hospital?
 I.
The Governmental Tort Claims Act,51 O.S. 151 et seq. (1985), at51 O.S. 152.1, adopts the doctrine of sovereign immunity, stating:
 "A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.
 "B. The state, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions." (Emphasis added).
Under this provision, the immunity established, and the limited waivers of that immunity are applicable, inter alia, to the state and itspolitical subdivisions. Accordingly, in order to determine whether such immunity applies to a hospital solely owned and operated by a city or county, it is necessary to determine whether cities and counties are "political subdivisions" of the State, as that term is used in the Act.
"Political subdivision" is defined at 51 O.S. 152(8) (1985), which provides:
" `Political subdivision' means:
"a. a municipality,
"b. A school district,
"c. a county,
 "d. a public trust where a city, town, school district or county is a beneficiary, provided, that for the purposes of this act, a public trust shall not include any hospital operating under a trust authority,
 "and all their institutions, instrumentalities or agencies." (Emphasis added).
The Act defines "municipality," at 51 O.S. 152(7) (1985), providing:
 " `Municipality' means any incorporated city or town, and all institutions, agencies or instrumentalities of a municipality." (Emphasis added).
Thus, under the plain language of the statute, the immunity established in the Governmental Tort Claims Act applies to incorporated cities and towns (municipalities) and counties and "all their institutions, instrumentalities or agencies." Cities and towns which are not incorporated do not come within the statute's immunities. In cases such as the one before us, where the language of a statute is plain and unambiguous and its meaning clear, the statute is accorded the meaning expressed in the legislative language. Cavett v. Geary Bd. of Ed.,587 P.2d 991, 993 (Okla. 1978). A hospital solely owned and operated by an incorporated city, or town or by a county is clearly an institution of such entities, and accordingly, the provisions of the Governmental Tort Claims Act would apply.
 II.
In cases in which an incorporated city or town or a county is the sole owner of a hospital and leases the operation of the hospital to another party, the tort claim immunity would attach to the city or town as a political subdivision, but would not attach to the lessee of such entity unless the lessee, under the facts of a particular case, would be deemed an agency of the county or incorporated city or town, for under the Act agencies of "political subdivisions" are protected by the immunity provided. 51 O.S. 152(8), supra.
 III.
Your last question asks whether the immunities of the Governmental Tort Claims Act would apply to a trust in instances in which an incorporated city, town or county is a sole beneficiary of a public trust that operates a hospital. The provisions of 51 O.S. 152(8)(d) (1985) specifically state that such a trust is not protected by immunity, that subsection stating that a "political subdivision" includes a "public trust where a city, town, school district or county is a beneficiary,provided, that for the purposes of this Act, a public trust shall notinclude any hospital operating under a trust authority." In sum, the Act specifically excludes public trusts operating hospitals from the protection of the immunity provided under the Governmental Tort Claims Act.
It is, therefore, the official opinion of the Attorney Generalthat:
 1. The immunity provided by the Governmental Tort Claims Act, 51 O.S. 151 et seq. (1985), applies to hospitals solely owned and operated by counties or incorporated cities or towns, as such institutions come within the definition of a "political subdivision" entitled to immunity.
 2. A lessee who operates a hospital owned by a county or an incorporated city or town does not come within the definition of "political subdivision," and therefore, is not afforded the protection of the immunities provided for in the Governmental Tort Claims Act. However, under a specific set of facts, should such lessee/operator be found to be an "agency" of a political subdivision, it would be afforded such immunity.
 3. A public trust operating a hospital under authority of its trust, even though the beneficiary of such entity is a county, an incorporated city or town, or a school district, does not come within the definition of "political subdivision," and therefore, is not afforded the immunities provided in the Governmental Tort Claims Act.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
NEAL LEADER, ASSISTANT ATTORNEY GENERAL CHIEF, CIVIL DIVISION