Dear Honorable Cate,
The Attorney General has received your request for an official opinion asking, in effect:
 I. Under 19 O.S. 377 (1981) may County Commissioners employ a data processing technician and pay him a salary in excess of limitations contained in the Comprehensive Salary Code, 19 O.S. 180.58 (1981) et seq., and, in particular, those limitations set forth in 19 O.S. 180.65(E) (1981)?
 II. If the answer to I is "yes," may County Commissioners employ a data processing technician on a full or part-time basis? If the data processing technician is also utilized in another position as enumerated in 19 O.S. 180.65 (1981) must the salary paid for that position be pursuant to that section and its limitations?
Title 19 O.S. 377 (1981), enacted April 21, 1970, states in pertinent part:
 "The board of county commissioners of any county may employ a competent data processing technician who shall. . . . receive as compensation a salary to be fixed by the board of county commissioners for his services, to be paid out of the general operating fund of the county. The compensations of the director and such personnel shall not be governed by the `Comprehensive Salary Code'." (Emphasis added).
A fundamental rule of statutory construction is "where the language of a statute is plain and unambiguous, there is no room for construction thereof." Cavett v. Geary Board of Education, 587 P.2d 991, 993 (Okla. 1978).
Accordingly, a data processing technician is not governed by the Comprehensive Salary Code and his salary level may be in excess of limitations contained therein.
 II.
In your second question you ask if a data processing technician may be employed on a full or part-time basis and if the technician may also be utilized in "another position."
Section 19 O.S. 377 does not preclude part-time employment of a data processing technician. On the contrary, the language contained in this Section grants the county commissioners the ability to employ, prescribe, direct, and fix the salary of a data processing technician. Such language implies a legislative intent that the county commissioners have full discretion regarding a data processing technician. See e.g.,Marley v. Cannon, 618 P.2d 401, 405 (Okla. 1980). Accordingly, the commissioners would have authority to hire a data processing technician on a full or part-time basis. Further, as discussed above, the salary of a data processing technician would not be governed by the "Comprehensive Salary Code."
The second part of question II asks if the data processing technician is employed part-time, may he also be utilized part-time "in another position." It is unclear from your question specifically what "other position" the technician would fill. However, the remainder of your second question specifically implicates 19 O.S. 180.65 (1981). It will therefore be assumed the "other position" to which you refer is enumerated in Section 19 O.S. 180.65.
Title 19 O.S. 180.65 (1981) discusses salary rates for whole or part-time personnel and states in (A):
 "The officers . . . shall have such number of regular or technical deputies, assistants, investigators, evidence men, aides, stenographers or reporters, technicians, undersheriffs, jailors, matrons, handwriting and fingerprint experts, probation officers, and/ or juvenile officers, bailiffs, or other help, whatever title the prin cipal officer may ascribe to the duties or functions to be performed as authorized by law and clearly related to the proper accomplishment of lawful functions, whether on whole or part-time basis . . . as the principal officer may propose. . . ."
Accordingly, if a part-time data processing technician is also utilized part-time in a category listed in 19 O.S. 180.65(A), he is subject to the provisions of section 19 O.S. 180.65. Section 19 O.S. 180.65(C) sets the limits on salary which those listed in (A) may receive: salary not to exceed 90 percent of the salary of the principal officer for first or chief deputy or assistant; and if more than one deputy or assistant is designated such second deputy or assistant shall receive not in excess of 80 percent of the principal officer's salary. All other deputies, aides or assistants or other persons named above shall not be paid in excess of 80 percent of the salary of the principal officer. If the principal officer only employs two deputies or technical help on a part-time contract or wage basis, the 80 percent limitation will not apply.
Since the language of the statute is plain and unambiguous, there is no room for construction thereof. Cavett v. Geary Board of Education, supra. Also, note whenever it is possible to construe two acts by giving effect to both without doing violence to either, such construction is preferred. Grand River Dam Authority v. State, 645 P.2d 1011 (Okla. 1982). Therefore, those positions listed in 180.65 are limited by that statute to the prescribed salaries. Accordingly, a part-time data processing technician, while performing other duties under 180.65, is subject to the provisions thereof including the salary limits for those other duties.
It has not been asked, and we do not address in this Opinion whether the holding of any two particular county offices may violate prohibitions against dual office holding or conflicts of interest statutes, as such determinations would be dependent upon facts not before us at this time.
It is, therefore, the official opinion of the Attorney Generalthat:
 I. County Commissioners may employ a data processing technician under Title 19 O.S. 377 (1981) and such technician's salary shall not be governed by the Comprehensive Salary Code.
 II. The County Commissioners may employ a data processing technician on a full or part-time basis. If the data processing technician is also utilized in "another position" as enumerated in 19 O.S. 180.65 (1981) the salary paid for that position is pursuant to that section and its limitations.
MICHAEL C. TURPEN, ATTORNEY GENERAL OF OKLAHOMA
P. KAY FLOYD, ASSISTANT ATTORNEY GENERAL