Billy W. REA, Petitioner,

v.

BIG CHIEF DRILLING COMPANY, Own Risk and Workers' Compensation Court, Respondents.

No. 59751.

Court of Appeals of Oklahoma, Division No. 2.

Oct. 4, 1983.

Rehearing Denied Oct. 21, 1983.

Certiorari Denied Dec. 20, 1983.

Released for Publication by Order of the Court of Appeals Dec. 27, 1983.

R. Dean Rinehart, Rinehart & Rinehart, Inc., El Reno, for petitioner.

Tenal S. Cooley, III, Looney, Nichols, Johnson & Hayes, Oklahoma City, for respondents.

MEANS, Judge.

Petitioner Billy W. Rea appeals from an order of the Workers' Compensation Court en banc affirming the trial court's denial of his application to commute a permanent total disability award. The trial court found that conflicting provisions in 85 O.S. 1981 § 41, prohibited the commutation. Having reviewed the record and analyzed the statute in question, we affirm.

Rea was severely injured during the course of his employment when a motor shed fell on him, crushing his hips and

pelvis. As a result of this injury, Rea is permanently and totally disabled.

By agreement of all parties on November 16, 1982, Rea was awarded compensation for permanent total disability at the rate of $155 per week. On the same day, he applied to the court to have the award partially commuted in the amount of $20,000. Rea based his application for commutation on language found in 85 O.S.1981 § 41(A), which states:

Awards for permanent partial disability under Section 22 of this title shall be made for the total number of weeks of compensation which the Court shall find the claimant will be entitled to receive, less any sums previously paid which the Court may find to be a proper credit thereon. When the award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 48 of this title. All awards shall be paid by periodic installments as determined by the Court. *Whenever an injured person receives an award for* permanent partial disability, *permanent total disability* or death benefits, *the injured employee* or claimant, for good cause shown, *may have the award commuted* to a lump-sum payment by permission of the Court. The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum. However, attorney fees shall be based upon not more than a five-hundred-week award. Such commutation shall be in addition to any commutation to a lump-sum payment for legal services. The balance of the total award shall be paid in periodic installments. In case of the death of a claimant due to causes other than his accidental personal injury or occupational disease at any time before satisfaction or payment of the total award is made, the award shall not abate, but shall be revived in favor of the persons determined by the Court to be entitled thereto. In proceedings to enforce claims for compensation during a period of healing or temporary total disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically, in accordance with the method of payment of the wages of the employee at the time of his injury, and shall be so provided for in any award made. (Emphasis added; footnote omitted.)

Respondents noted 85 O.S.1981 § 41(B), which prohibits such commutation. Subsection 41(B) provides:

Awards for permanent total disability shall be made by the Court under Section 22 of this title. The Court shall make a determination that the claimant will be entitled to receive the weekly income benefits provided in this title as long as his permanent total disability continues to exist. When an award for total permanent disability becomes final, the accrued portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant. In proceedings to enforce claims for total permanent disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically and shall be so provided in any award made thereon. *Total permanent disability awards shall not be commuted to a lump-sum payment* except as to legal services as provided herein. (Emphasis added.)

The trial judge based his denial of the award on the provisions in subsection (B), finding that the specific prohibition against commutation set forth in subsection (B) must prevail as a "clearer and more definite expression of the legislative will."

The resolution of this appeal involves the direct conflict between these two sections of the statute. While 85 O.S.1981 § 41(A), is permissive in allowing the court to commute a permanent total disability award, such commutation is prohibited later in 85 O.S.1981 § 41(B).

Prior to 1981, subsection 41(A) allowed for commutation of permanent partial disability only. It included no language concerning total disability. The amendatory language is underlined in the following:

All awards shall be paid by periodic installments as determined by the Court. Whenever an injured person receives an award for permanent partial disability, permanent total disability or death benefits, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court. The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum.

■ Normally, the "fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." *Jackson v. Independent School District No. 16 of Payne County,* 648 P.2d 26, 29 (Okl.1982). The legislative intent is sometimes ascertained by consideration of the statutory language. *Grand River Dam Authority v. State,* 645 P.2d 1011, 1018 (Okl.1982).

■ We are mindful of the rule that statutes must be construed to avoid conflict between provisions. *AMF Tubescope Co. v. Hatchel,* 547 P.2d 374, 379 (Okl.1976). Our courts have also noted the presumption that every statutory provision is intended to have some purpose. *Minnesota Mining & Manufacturing Co. v. Smith,* 581 P.2d 31, 35 (Okl.1978). However, an analysis of 85 O.S. 1981 §§ 41(A) and (B), reveals that the two subsections cannot be harmonized. Either the trial court has discretion to commute an award for permanent total disability or it does not. This serious conflict leads us to remember that "[a]ny doubt about the meaning of a statute may be resolved by reference to its history." *Lekan v. P & L Fire Protection Co.,* 609 P.2d 1289, 1292 (Okl.1980).

Subsection 41(A) was amended by H.B. 1286, 38th Leg., 1981 Okla.Sess.Laws 542, as part of an act which dealt with insurance.

The Act, entitled "An Act Relating to Insurance," was codified in titles 36, 85, and 12. An examination of the entire Act reveals that one of its primary purposes was the regulation and examination of insurance licenses and adjusters. Another purpose of the Act was to establish the types of legal tender and negotiable instruments which insurance companies can use as payment.

The Act is unclear as to the legislative intent regarding the workers' compensation statutes. The title of the Act refers to "Certain Insurance Payments, Including Certain Workers' Compensation Benefits, to be Paid in Certain Immediately Negotiable Forms." Nothing from the title of the Act indicates legislative intent regarding commutation.

House Bill 1286, as initially introduced by Representative Holden, was entitled "An Act Relating to Insurance and Workers' Compensation." Originally, the only amendatory language was the following addition to 85 O.S.1981 § 41(C):

Provided that, all weekly or periodic payments shall be made through the use of United States legal tender, negotiable instruments payable on demand or negotiable drafts drawn on an Oklahoma bank, when each such payment does not exceed One Thousand Dollars ($1,000.00).

It included no language in subsection (A) related to commutation for permanent total disability. The bill left the House Committee on Insurance in the same form as introduced, with the only amendatory language being that in subsection 41(C).

The additional language in subsection (A) is also not found in the bill as it left the Senate Committee on Business and Labor. However, for reasons unknown to this court, the amendatory language in subsection 41(A) was included with H.B.1286 as enrolled and signed. For us to postulate as to why such language was added would be mere speculation. There is no effective way to determine whether the legislature even noticed the conflict created between subsections (A) and (B).

■ Rules of statutory construction remind us "that there is a strong presumption against implied repeals." *In re Lewis Adoption,* 380 P.2d 697, 700 (Okl.1963). Although the general rule is that the latest enactment in point of time will ordinarily prevail, an exception to this rule is stated in *Palmer v. King,* 75 Okl. 276, 278, 183 P. 411, 412–13 (1919), *appeal dismissed,* 256 U.S. 682, 41 S.Ct. 533, 65 L.Ed. 1169 (1921):

"Where general terms or expressions in one part of a statute are inconsistent with more specific or particular provisions in another part, the particular provisions will be given effect, as clearer and more definite expressions of the legislative will."

■ In addition, where a statute such as section 41, has internal conflicts between one provision and another, the court may consider the order or position of the conflicting provisions. In this matter "the last in order or position and arrangement possibly should prevail." *Earnest, Inc. v. LeGrand,* 621 P.2d 1148, 1151 (Okl.1980). Using this aid to construction, the specific prohibition in subsection (B) must prevail over the amendment to subsection (A).

Further support for such a holding is found in the opening sentences of subsections (A) and (B). Subsection (A) begins with the words "awards for permanent partial disability" while subsection (B) commences with "awards for permanent total disability." This would tend to indicate the subject matter of the corresponding sections.

■ In the absence of legislative intent to the contrary, we find that the specific prohibition on commutation found in 85 O.S.1981 § 41(B), concerning awards for permanent total disability must control over the discretion to allow such awards in subsection 41(A) concerning awards for permanent partial disability.

In reaching this conclusion, we are not oblivious to the hardship endured by Rea and his family. Rea urges that the court, in equity, must correct the discrimination which results from the prohibition on com-

mutation for permanent total disability. He notes that were he 99 percent instead of 100 percent disabled, the award could be commuted.

■ The Workers' Compensation Court is a court of law only. It is a creature entirely of statute and is bound by specific guidelines for determining awards. *Special Indemnity Fund v. Davidson,* 196 Okl. 118, 119, 162 P.2d 1016, 1018 (1945).

In the absence of specific legislative intent, the prohibition of 85 O.S.1981 § 41(B), must prevail. The decision of the court en banc is affirmed.

BACON, P.J., and BOYDSTON, J., concur.