Carl Lane CUNNINGHAM, Petitioner,

v.

RUPP DRILLING, INC. and the Workers' Compensation Court, Respondents.

No. 72020.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 21, 1989.

Thomas J. Steece, Oklahoma City, for petitioner.

John S. Oldfield, Jr., Bradley J. McClure, Oklahoma City, for respondents.

MEMORANDUM OPINION

REYNOLDS, Judge:

Petitioner contends the Workers' Compensation Court, sitting *en banc,* erred in vacating that portion of the trial court

award which commuted part of a permanent total disability benefit award to a lump sum. The *en banc* court vacated the lump sum portion of the award as contrary to law.

Respondent cites 85 O.S.1981 § 41(B) and *Rea v. Big Chief Drilling Co.*, 673 P.2d 515 (Okl.App.1983), as supporting the modification of the trial court order.

■ The Legislature provided in 85 O.S. 1981 § 41(A), in pertinent part:

... Whenever an injured person receives an award for permanent partial, *permanent total disability*, or death benefits, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court. The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum.... (Emphasis added).

The Legislature also provided, in 85 O.S. 1981 § 41(B), in pertinent part:

... In *proceedings to enforce claims* for total permanent disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically and shall be so provided in any award made thereon. Total permanent disability awards shall not be commuted to a lump-sum payment except as to legal services as provided herein.... (Emphasis added.)

On the surface, these provisions seem to conflict. A careful reading of 85 O.S.1981 §§ 41(A) and (B), with an awareness of the types of procedures available in the Workers' Compensation Court, shows there is no conflict.

The hearing resulting in an award of benefits and "proceedings to enforce claims" are two separate procedural phases. The Legislature has provided, in 85 O.S.1981 § 41(A), that when the original award is made, the trial court may commute a portion of the award to a lump sum if good cause is shown by the injured employee or claimant.

If the award is not timely paid, the employee or claimant then has the right to initiate a proceeding to enforce the award by certifying the matter to the district court for collection proceedings. In this second situation, the Legislature has provided, in 85 O.S.1981 § 41(B), that the award shall not be commuted into a lump sum except as to the payment of legal fees.

In allowing for the commutation of a portion of the initial award to a lump sum, the Legislature provided, in 85 O.S.1981 § 41(A), that:

Such commutation [of the award to a lump sum] shall be *in addition* to any commutation to a lump-sum payment for legal services. (Emphasis added.)

This language would be superfluous in the case of a total permanent disability award if 85 O.S.1981 § 41(B) were to be construed as prohibiting all commutations of the award to a lump sum.

■ The Legislature will not be presumed to have committed a vain and useless act. *In re Supreme Court Adjudication, etc.*, 597 P.2d 1208, 1210 (Okl.1979). Statutes should be construed to render every word and sentence operative, not so as to render portions of a statute nugatory. *State ex.rel. Thompson v. Ekberg*, 613 P.2d 466, 467 (Okl.1980).

The commutation of a total permanent disability award to a lump sum is allowed by 85 O.S.1981 § 41(A) and is not prohibited by 85 O.S.1981 § 41(B). In so far as the *en banc* court vacated the commutation of the award to a lump sum, it erred in applying 85 O.S.1981 § 41(B).

■ The lump sum award of $5,000 does appear to exceed the limitation of the amount which may be commuted to a lump sum pursuant to 85 O.S.1981 § 41(A). The computation of an award is within the unique province of the Workers' Compensation Court. This matter is remanded for a determination of whether a lump sum of $5,000 exceeds the limitation of lump sums to the larger of $4,000 or 25% of the total permanent disability award, and for the entry of a lump sum award which is both

 

within the statutory guidelines and according to the evidence.

The appeal having been found meritorious, Respondent's request for costs and attorney fees is denied.

ORDER VACATED AND CASE RE-MANDED.

BAILEY, C.J., concurs.

HANSEN, P.J., concurs in result.