**QUAIL CREEK GOLF AND COUNTRY CLUB, Appellant,**

v.

**OKLAHOMA TAX COMMISSION, Appellee.**

No. 83516.

Supreme Court of Oklahoma.

March 5, 1996.

Kirk & Chaney by James A. Kirk and Matthew L. Standard, Oklahoma City, for Appellant.

Oklahoma Tax Commission by David Hudson, General Counsel, and Dorothy Lindsey Brown, Assistant General Counsel, Oklahoma City, for Appellee.

HODGES, Justice.

This matter presents one legal issue. Do Oklahoma's unclaimed property laws apply to an unredeemed bond where no sinking fund or other money account was created to redeem the bond? The Oklahoma Tax Commission and the Court of Appeals answered the question in the affirmative. This Court now vacates the Court of Appeals' opinion and answers the question in the negative.

In 1963, the Quail Creek Golf and Country Club (Club) required each member to purchase a $500.00 twenty-year bearer bond so the Club could finance some improvements. The Club never created a sinking fund or other money account from which to redeem the bonds. Instead, the bonds were listed as an item of long-term debt in the Club's financial statements.

When the bonds matured in 1983, some of them were not redeemed by their holders. After five years, the Club decided to retire the bonds because the statute of limitations on presentment had run. At the end of the 1989 fiscal year, the total amount retired was $49,735.00. This amount was recorded on the Club's books as an "Extraordinary item—gain on retirement of bond obligation." Apparently, some bonds were redeemed after the bonds were "retired."

In 1992, the Oklahoma Tax Commission (Commission) demanded that the Club pay the amount of unredeemed bonds plus the associated interest to the Commission as unclaimed property. The amount the Commission ultimately claimed to be due was $16,-480.00 plus penalty interest of $6,439.00. An administrative law judge at the Commission held a hearing and ordered the Club to remit $15,820.00 plus interest. The Commission affirmed but waived part of the interest. The Club paid the amount under protest and appealed.

The Court of Appeals affirmed the Commission's order based upon its construction of the unclaimed property laws. This Court granted certiorari review of this first impression question.

■ Oklahoma's Unclaimed Property Act, Okla.Stat. tit. 60, §§ 651–685.1 (1991 & Supp. 1995), provides "a comprehensive scheme for the reporting, collection, maintenance, distribution and escheat of tangible and intangible property deemed abandoned by its provisions." *Lincoln Bank & Trust Co. v. Oklahoma Tax Comm'n*, 827 P.2d 1314, 1315–16 (Okla.1992) (footnotes omitted). At the time the bonds matured in 1983, the old version of the Act applied to "all intangible personal property ... that is held or owing in this state in the ordinary course of business of the holder and has remained unclaimed by the owner for more than seven (7) years after it became payable or distributable." Okla.Stat. tit. 60, § 658 (Supp.1982). The old version of the Act did not define "intangible personal property."

The Act was amended in 1991, although it was termed the 1981 Act in the statute. Section 658 still applies to "all intangible personal property" but the abandonment period has been changed to five years. The new version of the Act, however, now includes a definitional section which defines "intangible property" to include "monies deposited to redeem stocks, bonds, coupons, and other securities, or to make distributions." Okla.Stat. tit. 60, § 651(i)(4) (1991).

■ The Commission contends that the Club's general bond debt comes under the "all intangible property" provisions of either the old or the new version of the Act. It argues that the new definition section merely lists examples of intangible property. The Club, on the other hand, notes that the Commission's construction would mean that the Act applies to all general debts and reaches

funds not segregated in an asset account. It contends that straight forward statutory construction mandates the conclusion that the general debt represented by the bonds is not subject to the Act.

Because the old version of the Act did not define "intangible property," it was not clear which intangible items were subject to the Act's scheme. There had also been no judicial determination of what was intangible property for purposes of the Act. The new version of the Act made it clear that the Legislature meant for the Act to apply to "monies deposited to redeem ... bonds."

The fact that the new version of the Act was not in effect when the bonds were retired does not make its definition of "intangible property" irrelevant. It is well settled that subsequent amendments to an act can be used to ascertain the meaning of the prior statute. *See Texas County Irrigation & Water Resources Ass'n v. Oklahoma Water Resources Bd.*, 803 P.2d 1119, 1122 (Okla.1990). *See also Board of Educ. v. Morris*, 656 P.2d 258, 261 (Okla.1982); *Magnolia Pipe Line Co. v. Oklahoma Tax Comm'n*, 196 Okla. 633, 167 P.2d 884, 888 (1946). Where the meaning of a prior statute is subject to serious doubt and has not been judicially determined, a presumption arises that a subsequent amendment was meant to clarify, as opposed to change, the prior statute. *Texas County*, 803 P.2d at 1122; *Magnolia Pipe Line*, 167 P.2d at 888. A subsequent statute *clarifying* a prior statute can be used to determine the meaning of the prior statute even if the interpretation affects alleged vested rights. *See, e.g., Morris*, 656 P.2d at 261.

The subsequent definition of "intangible property" found in the new version of the Act should be considered a clarifying amendment which established the meaning of that term in the old version of the Act. Thus, neither version of the Act applies to the bonds which the Club issued because no money account or sinking fund was created to redeem them.

CERTIORARI GRANTED; OPINION OF COURT OF APPEALS VACATED; ORDER OF OKLAHOMA TAX COMMISSION REVERSED; CAUSE REMANDED TO OKLAHOMA TAX COMMISSION WITH DIRECTIONS TO REFUND AMOUNTS PAID UNDER PROTEST.

ALMA WILSON, C.J., and LAVENDER, SUMMERS and WATT, JJ., concur.

KAUGER, V.C.J., and SIMMS, HARGRAVE and OPALA, JJ., dissent.