1998 OK CIV APP 106

**OKLAHOMA FIXTURE COMPANY,**
Appellant,

v.

**OKLAHOMA TAX COMMISSION,**
Appellee.

No. 89501.

Court of Civil Appeals of Oklahoma,
Division No. 4.

March 31, 1998.

Certiorari Denied July 8, 1998.

Thomas G. Potts, James, Potts & Wulfers, Inc., Tulsa, for Appellant.

Robert B. Struble, Deputy General Counsel, Thomas E. Kemp, Jr., General Counsel, Oklahoma Tax Commission, Oklahoma City, for Appellee.

REIF, Judge.

¶ 1 This appeal concerns the meaning of the term "full-time-equivalent employees engaged in manufacturing" for "jobs tax credits" under 68 O.S.1991 § 2357.4. Subsection A of § 2357.4 provides a tax credit "for a net increase in the number of full-time-equivalent employees engaged in manufacturing." Subsection C of § 2357.4 specifies the manner to calculate the credit: "The number of new employees shall be determined by comparing the monthly average number of full-time employees subject to Oklahoma income tax withholding for the final quarter of the taxable year with the corresponding period of the prior taxable year ." However, "only those employees whose paid wages or salary were at least Seven Thousand Dollars ($7,000.00) during each year the credit is claimed shall be included in the calculation."

¶ 2 The Income Tax Division of the Oklahoma Tax Commission contends that the tax credit calculation is based on the number of employees who *actually earned* $7,000 in the respective final quarters. Oklahoma Fixture Company, the manufacturing taxpayer herein, contends that "full-time-equivalent employee" and "full-time employee" refer to *job positions* that pay more than $7,000 and in which someone is employed during the final quarter, regardless of whether the person occupying the job position has actually earned $7,000. The Oklahoma Tax Commission adopted the interpretation of the Income Tax Division on the recommendation of its administrative law judge and disallowed certain credits to taxpayer. For the reasons that follow, we reverse with directions to grant the credits.

¶ 3 In *TPQ Investment Corp. v. Oklahoma Tax Commission,* 1998 OK 13, ¶ 3, 954 P.2d 139, the supreme court construed a related tax credit "for investment in qualified depreciable property placed in service ... which directly results in a net increase in the number of full-time-equivalent employees engaged in manufacturing." To qualify for the

investment credit there had to be "a net increase in total employment as compared with employment levels prior to the investment." *Id.*, 954 P.2d at 140, 141. The supreme court affirmed the order of the Oklahoma Tax Commission that disallowed the investment credit, because the holding company taxpayer (TPQ) had merely acquired a manufacturing corporation and was claiming the manufacturing corporation's employees as an increase in the TPQ employment level. In reaching this conclusion, however, the supreme court held that "the intent of the Oklahoma Legislature in providing tax credits [was] to encourage the creation of new jobs in manufacturing or processing in this state." *Id.* at ¶ 9, 954 P.2d at 141–42. The court further held "the tax credit [extended] to taxpayers who cause an *actual* increase in the number of employees engaged in manufacturing." *Id.*, 954 P.2d at 142. This statement was further explained in footnote 9: "The statute was intended to be an incentive to companies to actually increase the number of employees in this state by companies creating more jobs."

¶ 4  We discern the same intent in this case. Like the investment tax credit, the jobs credit is extended for a "net increase in the number of full-time-equivalent employees engaged in manufacturing." 68 O.S.1991 § 2357(A). The plain purpose in either case is "to encourage the creation of *new jobs*," to reward "an *actual* increase in the number of employees" and to provide "an incentive to companies to actually increase the number of employees ... by companies creating *more jobs*." *TPQ*, 1998 OK 13, ¶ 9, n. 9, 954 P.2d at 142.

¶ 5  Not only does this purpose or intent support construing the jobs credit in the manner contended by the manufacturing taxpayer herein, but so does the language of § 2357.4(C). The Income Tax Division's interpretation of full-time employees that are includable in the calculation is limited to employees who *actually earned* $7,000. We agree that this is the meaning of the phrase

"employees whose paid wages" were at least $7,000. However, the legislature placed the unmodified word "salary" in the disjunctive with the object phrase "paid wages," so that "employees whose ... salary" (whether fully paid or not) was at least $7,000 would also be included. In both situations, the employees are full-time employees subject to Oklahoma income tax withholding.

¶ 6  Lastly, we agree with manufacturing taxpayer that the 1992 amendment to § 2357.4 was a clarifying amendment. The 1992 amendment more clearly stated the legislative intent and effect regarding tax credits for a "net increase in the number of full-time-equivalent employees engaged in manufacturing" which the supreme court determined in *TPQ*, and which this court has discerned in the original language of § 2357.4(C), despite the somewhat awkward and "inept" phrasing used. *See Quail Creek Golf and Country Club v. Oklahoma Tax Comm'n*, 1996 OK 35, 913 P.2d 302, and *TRW/Reda Pump v. Brewington*, 1992 OK 31, 829 P.2d 15.

¶ 7  In view of the foregoing, we reverse the order of the Commission (1) adopting the interpretation of 68 O.S.1991 § 2357.4(C) by its Income Tax Division and administrative law judge, and (2) disallowing the job tax credits claimed by manufacturing taxpayer Oklahoma Fixture Company for tax years 1990, 1991, and 1992, based on that interpretation. We remand with directions to allow the job tax credits as claimed.

¶ 8  REVERSED AND REMANDED WITH DIRECTIONS.

¶ 9  STUBBLEFIELD, P.J., and RAPP, J., concur.