Dear Senate Taylor,
¶ 0 This Office has received your request for an Attorney General Opinion addressing, in effect, the following question:
 Does the power of the Workers' Compensation Court's Physician Advisory Committee to review and monitor health care providers enable it to exercise similar power over insurance companies, their agents, servants and employees?
¶ 1 Your question goes to the extent of the authority given to the Physician Advisory Committee ("the Committee") to make recommendations and findings to the Workers' Compensation Court with regard to the utilization by workers' compensation insurers of their non-medical employees such as claims adjusters. To answer this question, several provisions of Title 85 must be reviewed.
¶ 2 Title 85 O.S. 201 and 85 O.S. 201.1 (1998) set out the Committee's powers and duties relative to abusive practices. Section 85 O.S. 201 of Title 85 provides in pertinent part:
 (B) The Administrator shall adopt rules to establish a system of review of medical practices of health care providers through the workers' compensation system to evaluate on an aggregate basis the quantity and quality of treatment, charges and evaluations of permanent impairment by such providers. The Administrator may refer charges of abusive practices by health care providers under the workers' compensation system to the Physician Advisory Committee for review and recommendation. The findings and recommendation of the Committee shall be only advisory to the Administrator and shall not be binding or conclusive upon him. If the Administrator determines that a health care provider has, on an aggregate basis, established a pattern of over or under treating, failing to adhere to the AMA Guides or modifications thereto when evaluating permanent impairment, or overcharging, the Administrator shall impose administrative penalties for abusive practices and may waive payment for medical services or evaluations of permanent impairment of the health care provider rendered under the Workers' Compensation Act, Section 1 et seq. of this title, for not to exceed five (5) years. A pattern of abusive practices shall include, but not be limited to, a pattern of referral to a medical facility for treatment found to be in excess of treatment guidelines adopted by the Administrator under Section 201.1 of this title. . . . (emphasis added).
¶ 3 Section 85 O.S. 201.1 of Title 85 provides in pertinent part:
(B) The Committee shall;
 1) Assist and advise the Administrator of the Workers' Compensation Court regarding utilization review as it relates to the medical practice and treatment of work related injuries. Such utilization review shall include a review of reasonable and necessary treatment; abusive practices; needless treatments, testing, or procedures; or a pattern of billing in excess of or in violation of the Schedule of Medical Fees. The Physician Advisory Committee shall review and make findings and recommendations to the Administrator of the Workers' Compensation Court with respect to charges of inappropriate or unnecessary treatment or procedures, abusive practices, or excessive billing disclosed through utilization review.
 2) Assist the Administrator of the Workers' Compensation Court in reviewing medical practices of health care providers, including evaluations of permanent impairment provided by health care providers, as provided for in Section 201 of this title. The Committee shall review and make findings and recommendations to the Administrator with respect to charges of abusive practices by health care providers providing medical services or evaluations of permanent impairment through the workers' compensation system" (emphasis added).
¶ 4 A fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute. Jacksonv. Independent School District of Payne County, 648 P.2d 26, 29
(Okla. 1982); REA v. Big Chief Drilling Co., 673 P.2d 515, 518
(Okla.Ct.App. 1983). Legislative intent can be established by consideration of statutory language. Rea, 673 P.2d at 518.
¶ 5 Read together, the provisions of Title 85 O.S. 201(B) and85 O.S. 201.1(B) (1998) represent a comprehensive scheme by which allegations of abusive practices may be reviewed. Section85 O.S. 201(B) permits the Administrator to refer charges of abusive practice to the Committee for review and recommendations; if, based on such findings, recommendations or otherwise, the Administrator finds cause for prosecution, to prosecute the matter and impose sanctions as appropriate. Section 85 O.S.201.1(B) directs the Committee to assist and advise the Administrator regarding the abusive practices. This acknowledges the advisory capacity of the Committee and provides the Administrator with a resource to facilitate his or her determination of whether to pursue the charges, and preserves control of the review with the Administrator as prosecutor. Although the Committee is charged, at Section 85 O.S.201.1(B)(1) and 85 O.S. 201.1(B)(2), with the duty to review allegations of abusive practices, it does so in an advisory capacity to the Administrator and solely pursuant to referrals by the Administrator as provided in Section 85 O.S. 201(B).
¶ 6 Your request concerns the scope and breadth of the actions that may properly be reviewed by the Committee under the framework of Sections 85 O.S. 201 and 85 O.S. 201.1(B)(1) and (2). Section 85 O.S. 201.1(B)(1), the provision specifically referred to in your Opinion request, directs the Committee to "[a]ssist and advise the Administrator of the Workers' Compensation Court regarding utilization review as it relates to the medical practice and treatment of work related injuries."
¶ 7 Generally, utilization review is the assessment of patients' medical care to insure that it is medically necessary and of good quality. Although Title 85 does not contain a definition of utilization review, Title 25 O.S. 2 provides that where the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intent plainly appears. In this regard, Title 36 O.S. 6552(1) (1998) defines a "utilization review" as "a system for prospectively, concurrently and retrospectively reviewing the appropriate and efficient allocation of hospital resources and medical services given or proposed to be given to a patient or group of patients." For purposes of Section 85 O.S. 201.1(B)(1), utilization review includes review of reasonable and necessary treatment; abusive practices; needless treatment or procedures; or a pattern of billing in excess of or in violation of the scheduled medical fees.
¶ 8 These reviews, however, are limited to medical providers as opposed to insurers. As previously noted, a utilization review is a cost containment measure usually used by a payor of medical claims. A payor, however, may have duties and roles that differ from a medical provider and, although the line of separation is sometimes blurred, the differences of roles should not be confused.
¶ 9 For example, in the Workers' Compensation system, health care providers regularly request authorization of a payor before treatment or medical procedures are provided to an injured worker. A payor, based on utilization review, may refuse to authorize contemplated medical services, making the health care provider reluctant to provide the services. A payor may also refuse authorization for contemplated medical services based on non-medical reasons.
¶ 10 Authorization from the payor or the Workers' Compensation Court is not necessary for an injured worker to procure medical services at the employer's expense. Mattingly v. StateIndustrial Court, 382 P.2d 125 (Okla. 1963). As stated inMattingly, "If the self-procured medical services were rendered during the period of employer's refusal or neglect, or while the employer was not furnishing adequate and satisfactory medical care, and such services were reasonably necessary to effect a speedy cure, the employer is liable for the expenses incident thereto in an amount determined by the trial tribunal to be reasonable and in keeping with such charges as prevail in the same community for similar treatment for like injuries." Id. at 128. This ruling was based on Section 85 O.S. 14 of Title 85 of the Oklahoma Statutes, which governs the liability of the worker and employer-carrier for the worker's medical treatment and expenses related to a compensable injury.
¶ 11 It is clear under Mattingly that reasonable and necessary health care services for a work related injury can be provided without authorization from the payor or the court, and that the employer is liable for the expenses of such services if compensability is eventually determined. This case also establishes that authorization concerns financial responsibility for the services. The medical decision making remains with the health care provider. Authorization for medical services affects a health care provider's medical decision making only to the extent that the health care provider refuses to provide the services without the assurance of payment.
¶ 12 Thus, authorization or non-authorization for medical services is not an "abusive practice disclosed through the utilization review" as contemplated by 85 O.S. 201.1(B)(1). However, that statutory provision may permit, for example, the Committee to properly review, upon referral by the Administrator, allegations by a payor that a medical provider used or proposed procedures contrary to established treatment protocols or that have no scientific basis. In other words, the Committee may review complaints of abusive practices of health care providers disclosed by a payor through utilization review of the medical services given or proposed to be given to an injured worker. This construction is in keeping with the language in Section 85 O.S.201.1(B)(1) that the Committee assist and advise the Court Administrator regarding utilization review as it relates to the medical practice and treatment of work-related injuries. The Committee has no power to supplant the regulatory authority of the Insurance Commissioner or State Insurance Fund Board of Managers or review the conduct of payors and their adjusters and non-medical employees who engage in utilization review.
¶ 13 Title 85 O.S. 201.1(B)(2) also addresses the Committee's powers regarding abusive practices. This provision directs the Committee to assist the Administrator of the Workers' Compensation Court in reviewing medical practices of health care providers and to "review and make findings and recommendations to the Administrator with respect to charges of abusive practices by health care providers providing medical services or evaluations of permanent impairment through the workers' compensation system." A plain reading of this language reveals that the Committee clearly may review charges of abusive practices of health care providers.
¶ 14 "Health care providers" is not defined in the Workers' Compensation Act. However, the phrase is defined in the Hospital and Medical Services Utilization Review Act, 36 O.S. 6552(6) (1991) as "any person, firm, corporation or other legal entity that is licensed, certified, or otherwise authorized by the laws of this state to provide health care services, procedures or supplies in the ordinary course of business or practice of a profession" (emphasis added). Again, under 25 O.S. 2 (1991), this definition is applicable to the same phrase appearing in Section 85 O.S. 201.1(B)(2) since no contrary intention plainly appears. Consequently, the Committee, upon referral of the Court Administrator, may review charges of abusive practices of any entity falling within the above definition. Neither insurance companies nor their agents are "authorized by the laws of this state to provide health care services"; instead, an insurer's role is merely to insure payment of the claim. This action does not qualify an insurer as a health care provider under the above-noted definition. It therefore must follow that the Committee cannot review an insurer's procedures.
¶ 15 Thus, having reviewed Sections 201 and 85 O.S.201.1(B)(1)(2), it would appear that the Committee has the power to assist and advise the Administrator regarding charges of abusive practices of health care providers disclosed through utilization review, and charges of abusive practices by health care providers providing medical services or evaluation of permanent impairment through the Workers' Compensation system, only on referral by the Court Administrator. The Committee does not have an independent subpoena power, nor may it call a review hearing concerning "abusive practices" without a referral from the Administrator.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Pursuant to Title 85 O.S. 201 and 85 O.S. 201.1(B)(1), the Workers' Compensation Court's Physician Advisory Committee may not regulate and monitor workers' compensation insurers' non-medical employees, such as claims adjusters, but it may review abusive practices attributable to health care providers.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOSEPH L. McCORMICK IV ASSITANT ATTORNEY GENERAL