Dear Senate Helton,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
1. Is an insurer, which only provides liability insurance on avehicle, financially responsible under 47 O.S. Supp. 2000, §11-1110(c), as amended in 2001 Okla. Sess. Laws ch. 255, § 1(S.B. 520), for the cost of the removal of the insured vehiclefrom a highway or highway right-of-way after an accident?
 2. If so, does the insurer's responsibility include thepayment of wrecker and storage fees?
¶ 1 You first ask, is an insurer which provides liability insurance on a vehicle, responsible for the removal of that vehicle from the accident scene on a highway or highway right-of-way after an accident? Before we can answer this question, we must first look at the highway clean-up provision found in 47 O.S. Supp. 2000, § 11-1110[47-11-1110] (c), and the amendments contained in S.B. 520.
 I. A. Highway Clean-Up Provision
¶ 2 The highway clean-up provision is found at 47 O.S. Supp.2000, § 11-1110[47-11-1110] and reads in pertinent part:
 c. Any person removing a wrecked or damaged vehicle from a highway, highway right-of-way or any other location as the result of an accident shall remove any glass or other injurious substance dropped upon the highway or highway right-of-way or other location from such vehicle. The owner or insurer of the owner of the vehicle shall be responsible for the cost of removal of the glass or other injurious substance.
Id. (emphasis added).
¶ 3 The enactment of S.B. 520 added the following bolded and italicized language to Section 11-1110(c):
 C. The owner or insurer of the owner of the vehicle shall be responsible for the cost of removal of the vehicle and the glass or other injurious substance and any vehicle storage fees pursuant to Section 953.1 of this title.
2001 Okla. Sess. Laws ch. 255, § 1 (emphasis added).
¶ 4 The "fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention . . . of the Legislature as expressed in the statute." Rea v. Big ChiefDrilling Co., 673 P2d 515, 518 (Okla.Ct.App. 1983) (quotingJackson v. Indep. Sch. Dist. No. 16, 648 P2d 26, 29 (Okla. 1982)). Legislative intent can be established by consideration of statutory language. Rea, 673 P.2d at 518 (citation omitted). Likewise, when interpreting a statute, we presume the Legislature intended what it expressed in the statute and we follow the plain language accordingly. Humphrey v. Denney, 757 P.2d 833, 835
(Okla. 1988) (citation omitted). The clear intent of Section 11-1110(C) is to protect public safety by ensuring that the highways of this State remain clear of wrecked vehicles and other injurious substances that may result from an accident. Section 11-1110(C) furthers this goal by requiring those who remove wrecked or damaged vehicles from the highway to also remove glass or other injurious substances. This section places the financial burden for the cleanup and removal of the wrecked vehicle on the owner or the insurer of the owner, without regard to fault. Under this provision either the owner or his/her insurer becomes financially responsible to any person who removes a damaged vehicle from an accident scene.
¶ 5 In Attorney General Opinion 00-42 we opined that by amending Section 11-1110(c) in 1999, the Legislature clarified who would be financially responsible for the cleanup of hazardous materials left on the highway after an accident. Id. at 190. The Opinion concluded that Section 11-1110(c) expressly assigned financial responsibility for the cleanup to the owner of the vehicle or the insurer of the vehicle. Id.
¶ 6 As seen above, the former version of Section 11-1110(c), while requiring a wrecker service to remove a wrecked or damaged vehicle from the highway, did not address the cost associated with the removal and storage of the vehicle. Many times this resulted in the wrecker services having to remove and store the vehicle while absorbing the risk of non-payment for the service.
¶ 7 In an effort to resolve this problem, the Legislature amended Section 11-1110(c) and added the additional language found in S.B. 520. While the new language continues to make the owner or the owner's insurer responsible for the cost of not only the removal of injurious substances from the highway, butvehicle removal and storage fees as well, it does nothing to change the conclusion reached in A.G. Opin. 00-42. However, it helps clarify an area of doubt which was left by the language of this section. As Section 11-1110(C) now reads, once a wrecker service is called out to remove a wrecked or damaged vehicle from an accident scene, the owner or insurer of the owner of the vehicle becomes financially responsible to the wrecker service for both the towing and storage fees.
¶ 8 The question you raise, which was not addressed in A.G. Opin. 00-42, is: To what extent is an insurer financially responsible under Section 11-1110(C) for the removal and storage of the owner/insured's damaged or wrecked vehicle if the insured only has a liability policy on his or her vehicle? The answer to this question must turn on the meaning given of the term "insurer" by the Legislature in Section 11-1110.
 B. Insurer
¶ 9 Neither the Highway Safety Code, nor Section 11-1110(C), contains a definition for the term "insurer." However, it is well-settled that wherever a "word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." 25 O.S. 2001, § 2[25-2]; see Oliver v. City of Tulsa,654 P.2d 607, 611 (Okla. 1982). Since Section 11-1110(C) does not define the term "insurer," reference must be made to the definition used in the Oklahoma Insurance Code. The term "insurer" is defined to include "every person engaged in the business of making contracts of insurance or indemnity." 36 O.S.2001, § 103[36-103] (A).[1] Applying this definition to the language found in Section 11-1110(C), any insurance company which maintained a contract of either indemnity or insurance with an owner of a wrecked vehicle, would become financially responsible for the removal of an insured's wrecked vehicle from an accident scene. Under this theory, an insurance company which held a life and health insurance policy with an insured would be deemed an "insurer" and consequently would be financially responsible for the clean-up of the highway. This is an absurd result clearly not contemplated by the Legislature. "The legislature will not be presumed to have intended an absurd result, and a statutory construction which would lead to an absurdity will be avoided if this can be done without violating the legislative intent."Grand River Dam Auth. v. State, 645 P.2d 1011, 1019 (Okla. 1982) (footnote omitted).
¶ 10 Likewise, "[w]ords and phrases of a statute are to be understood and used not in an abstract sense, but with due regard for context and they must harmonize with other sections of the act to determine the purpose and intent of the legislature."McNeill v. City of Tulsa, 953 P.2d 329, 332 (Okla. 1998) (citation omitted). Because the statutory provision that you inquired about is part of the Highway Safety Code and involves the clean-up of motor vehicle accidents, it can be inferred that the reference to the term "insurer" contained in Section 11-1110(C) is likewise limited to motor vehicle insurance, as opposed to life, health or other types of insurance described in36 O.S. 2001, §§ 702-709.
¶ 11 Having limited the term "insurer" in Section 11-1110(C) to a motor vehicle insurer, the question becomes whether liability coverage falls within the definition of the term "insurer" found in the Insurance Code. Generally speaking, liability insurance is the basic coverage of an insurance policy and covers bodily and property damages to a third party. Burch v. Allstate Ins. Co.,977 P.2d 1057, 1073 (Okla. 1998). The provisions of such a policy cover injuries arising out of the ownership, maintenance or use of the insured vehicle. 47 O.S. 2001, § 7-324[47-7-324](a)(2); seeHartline v. Hartline, 2001 WL 118227, ¶ 6 (Okla. 2001). Under a liability policy an insurer must pay damages for liability imposed by law against the insured by a third party. Id. § 7-324(a)(2). Because the terms of a liability policy require an insurance company to either indemnify or pay all claims for which an insured becomes liable, that insurance company would be an "insurer" of the owner's vehicle within the meaning of 11-1110(C) and therefore would become financially responsible to the person removing the wrecked vehicle. This conclusion is consistent with the underlying policy behind this provision, which is to ensure public safety.
 II.
¶ 12 You next ask whether the insurer's responsibility includes the payment of wrecker and storage fees. For the reasons set forth above, an insurer providing liability coverage is financially responsible for payment of wrecker or storage fees on the insured vehicle.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. An insurer is responsible for the cost of removal of an insured's wrecked or damaged vehicle under 47 O.S. 2001, § 11-1110(C), even if the insured only has a motor vehicle liability policy.
 2. An insurer which only provides a motor vehicle liability policy is responsible pursuant to 47 O.S. 2001, § 11-1110(C), to pay wrecker and storage fees for an insured's wrecked vehicle.
W.A. DREW EDMONDSON Attorney General Of Oklahoma
JOSEPH L. McCORMICK, IV Assistant Attorney General
[1] An insurer may be authorized to transact several types of insurance, including vehicle, life and health, property and casualty, title and marine insurance. See 36 O.S. 2001, §§702-709.