2012 OK CIV APP 12

Clifton GENTRY, Petitioner,

v.

BERRY MACHINE & TOOL CO., INC. and The Workers' Compensation Court, Respondents.

No. 109,513.

Court of Civil Appeals of Oklahoma, Division No. 4.

Jan. 11, 2012.

Richard A. Bell, Heather A. Lehman, The Bell Law Firm, Norman, Oklahoma, for Petitioner.

Donald A. Bullard, Bullard & Associates, P.C., Oklahoma City, Oklahoma, for Respondents.

KEITH RAPP, Judge.

¶1 Claimant, Clifton Gentry, appeals an Order of the workers' compensation court denying his request to commute a portion of his permanent total disability award to a lump-sum payment pursuant to Title 85 O.S. 2001, § 41(B).

## BACKGROUND

¶2 Claimant sustained an injury to his back, tailbone, both hips, and both legs on December 8, 2004, when a co-worker pulled a chair from under Claimant while he was at work for Employer, Berry Machine & Tool Co., Inc. Claimant was relegated to a wheelchair due to his physical injuries.

¶3 Claimant filed a Form 3 on January 21, 2005, alleging the single event injury. Claimant subsequently amended the Form 3, additionally alleging psychological overlay and sexual dysfunction.

¶4 By various orders, the workers' compensation court awarded Claimant home renovations, a memory foam bed, a carport, and suitable transportation commensurate with his physical abilities.

¶5 The workers' compensation trial court entered an Order, filed on January 18, 2011, finding Claimant sustained a work-related injury to his left shoulder and back, sexual dysfunction, and psychological overlay. The court found Employer paid Claimant temporary total disability benefits from February 16, 2005, to November 16, 2010. The court further found Claimant permanently and totally disabled and that "it would not be practical to require the claimant to participate in vocational re-training services." The workers' compensation court found Claimant's rate of permanent total disability was $210.00 a week, which allowed for an accrued portion of his award at the time of the Order of $1,764.92. The court also awarded continuing medical treatment and attendant home care.

¶6 On March 3, 2011, Claimant filed a Form 13, motion to commute pursuant to Title 85 O.S.2001, § 41(B). The workers' compensation court entered an Order, filed on May 11, 2011, denying Claimant's request to commute a portion of his permanent total disability award to a lump-sum amount.

¶7 Claimant appeals.

## STANDARD OF REVIEW

¶8 This appeal involves a question of statutory interpretation, which presents a question of law. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶8, 33 P.3d 302, 305. This Court reviews a question of law *de novo. Id.* The appellate court has the plenary, independent, and non-deferential authority to reexamine a trial court's legal rulings. *K & H Well Serv., Inc. v. Tcina, Inc.*, 2002 OK 62, ¶9, 51 P.3d 1219, 1223.

## ANALYSIS

¶9 The issue presented on appeal is whether the workers' compensation trial court erred in applying Title 85 O.S.2001, § 41(B) rather than Section 41(A) and, therefore, denying Claimant's request to commute a portion of his permanent total disability award. Claimant argues the workers' compensation court incorrectly applied Section 41(B), which precludes the commutation of a permanent total disability award, and should have allowed Claimant to commute his permanent total disability award pursuant to Section 41(A).

¶10 These two subsections of Section 41 are in direct conflict concerning whether a claimant is entitled to have an award of permanent total disability commuted to a lump-sum payment. Section 41(A) appears to allow the workers' compensation court to commute a permanent total disability award, while Section 41(B) specifically prohibits the

permanent total disability award to be commuted.

¶ 11 Section 41(A) provides:

A. Awards for permanent partial disability under Section 22 of this title shall be made for the total number of weeks of compensation which the Court shall find the claimant will be entitled to receive, less any sums previously paid which the Court may find to be a proper credit thereon. When the award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of his death, by the surviving beneficiary entitled to the proceeds as provided in Section 48 of this title. All awards shall be paid by periodic installments as determined by the Court. *Whenever an injured person receives an award for permanent partial disability, permanent total disability or death benefits, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court.* This authorization for commutation shall not be applicable to attorney fees in permanent total disability cases. The lump-sum payment shall not exceed Four Thousand Dollars ($4,000.00) or twenty-five percent (25%) of the total award, whichever is the larger sum. (Emphasis added.)

In contrast, Section 41(B) specifically precludes commutation of a permanent total disability award:

B. Awards for permanent total disability shall be made by the Court under Section 22 of this title. The Court shall make a determination that the claimant will be entitled to receive the weekly income benefits provided in this title as long as his permanent total disability continues to exist. When an award for total permanent disability becomes final, the accrued portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant. In proceedings to enforce claims for total permanent disability, the compensation under the provisions of the Workers' Compensation Act shall be payable periodically and shall be so provided in any award made thereon. *Total permanent disability awards shall not be commuted to a lump-sum payment.* (Emphasis added.)

¶ 12 The Oklahoma Court of Civil Appeals has addressed the issue of whether a permanent total disability award may be commuted and has reached different conclusions. In *Cunningham v. Rupp Drilling, Inc.,* 1989 OK CIV APP 77, 783 P.2d 985, the Court of Civil Appeals held that a permanent total disability award may be commuted to a lump-sum payment pursuant to Section 41(A). The Court found that a careful reading of the statute revealed that the subsections were not in conflict, but could be harmonized. The Court distinguished between the different procedural phases mentioned in Section 41(A)—the hearing resulting in an award of benefits—and Section 41(B)—proceedings to enforce claims. *Id.* at ¶ 4, 783 P.2d at 986. The Court determined that, under Section 41(A), the workers' compensation trial court had the discretion to commute a part of the award to a lump sum at the time the original award was made, if the claimant could show good cause. *Id.* at ¶ 8, 783 P.2d at 986.

¶ 13 The Court of Civil Appeals reached a different result in *Rea v. Big Chief Drilling Co.,* 1983 OK CIV APP 61, 673 P.2d 515. The Court recognized the conflict between Subsections (A) and (B) and held that the conflict could not be harmonized. Applying rules of statutory construction, the Court concluded that "[i]n the absence of legislative intent to the contrary, we find that the specific prohibition on commutation found in 85 O.S.1981 § 41(B), concerning awards for permanent total disability must control over the discretion to allow such awards in subsection 41(A) concerning awards for permanent partial disability." *Id.* at ¶ 18, 673 P.2d at 519.

¶ 14 The Legislature recently enacted legislation changing the wording of Section 41(A) and (B) and resolving the conflict between the two subsections. Title 85 O.S. 2011, § 345 [previously Section 41(A) and (B) ] now provides:

A. Awards for permanent partial impairment shall be made for the total number of weeks of compensation which the

Workers' Compensation Court shall find the claimant will be entitled to receive, less any sums previously paid which the Court may find to be a proper credit thereon. When the award becomes final, the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of the claimant's death, by the surviving beneficiary entitled to the proceeds as provided in Section 49 of this act. All awards shall be paid by periodic installments as determined by the Court. *Whenever an injured person receives an award for permanent partial impairment, the injured employee or claimant, for good cause shown, may have the award commuted to a lump-sum payment by permission of the Court.* The lump-sum payment shall not exceed twenty-five percent (25%) of the total award. The balance of the total award shall be paid in periodic installments.

B. Awards for permanent total disability shall entitle the claimant to receive weekly income benefits for the period prescribed in Section 36 of this act. When an award for permanent total disability becomes final, the accrued portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by the claimant or in case of the claimant's death, by the surviving beneficiary entitled to the proceeds as provided in Section 49 of this act. *Permanent total disability awards shall not be commuted to a lump-sum payment.* (Emphasis added.)

¶ 15 Generally, this Court may examine a subsequent amendment to a statute to ascertain the meaning of the prior statute. *Quail Creek Golf and Country Club v. Oklahoma Tax Comm'n*, 1996 OK 35, ¶ 10, 913 P.2d 302, 304. When the Legislature amends a statute it may be changing the existing law or clarifying the law. *American Airlines v. Hickman*, 2007 OK 59, ¶ 11, 164 P.3d 146, 149. The Oklahoma Supreme Court in *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 13, 33 P.3d 302, 307 (citations omitted) explained:

The exact intent is ascertained by looking to the circumstances surrounding the amendment. If the earlier version of a statute definitely expresses a clear and unambiguous intent or has been judicially interpreted, a legislative amendment is presumed to change the existing law. Nonetheless, if the earlier statute's meaning is in doubt or uncertain, a presumption arises that the amendment is designed to clarify, i.e., more clearly convey, legislative intent which was left indefinite by the earlier statute's text.

In determining the legislative intent, the courts may properly consider whether the statute before amendment was clear or ambiguous. *Board of Educ., Vici Public Schools, Indep. School Dist. No. I–5, Dewey County v. Morris*, 1982 OK 142, ¶ 9, 656 P.2d 258, 261. "A subsequent statute *clarifying* a prior statute can be used to determine the meaning of the prior statute even if the interpretation affects alleged vested rights." *Quail Creek Golf and Country Club v. Oklahoma Tax Comm'n*, 1996 OK 35 at ¶ 10, 913 P.2d at 304.

¶ 16 Here, the previous language of Section 41(A) and (B) concerning whether a permanent total disability award could be commuted to a lump-sum payment was ambiguous and had not been judicially determined by the Oklahoma Supreme Court. The Oklahoma Court of Civil Appeals had reached different conclusions regarding the propriety of commutation under Section 41. The Legislature's amendment of the statute, 85 O.S.2011 § 345, clarified the legislative intent of the previous subsections and provides guidance to this Court in interpreting the statute.

¶ 17 This Court finds the workers' compensation trial court did not err in denying Claimant's request to commute a portion of his permanent total disability award. The workers' compensation court's Order is sustained.

¶ 18 **SUSTAINED.**

GOODMAN, P.J., and THORNBRUGH, J., concur.