OSCN Found Document:ROCKET PROPERTIES v. LaFORTUNE

 

 
 

 
 ROCKET PROPERTIES v. LaFORTUNE
2022 OK 5
Case Number: 120000
Decided: 01/18/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 5, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

ROCKET PROPERTIES, LLC, Petitioner,
v.
WILLIAM D. LaFORTUNE, District Judge, Respondent,
and
CITY OF TULSA, Real Party in Interest.
ORDER
Â¶1 Original jurisdiction is assumed in the cause now pending before the Tulsa County District Court, Case No. CJ-2018-620. Fent v. Contingency Review Bd., 2007 OK 27, Â¶11, 163 P.3d 512 (the Court may assume jurisdiction in a publici juris controversy where there is an urgency and need for a judicial determination).
Â¶2 The Petition for Writ of Prohibition is granted. The Respondent District Judge, or other assigned judge, is hereby prohibited from enforcing the October 21, 2021 ruling and December 27, 2021 journal entry of judgment granting the City of Tulsa's motion for summary judgment and dismissing Petitioner's inverse condemnation on grounds Petitioner's claim is governed by the Oklahoma Governmental Tort Claims Act (GTCA). See 51 O.S. 2011, Â§ 151 et seq.
Â¶3 When private property is taken for a public purpose pursuant to the government's power of eminent domain, the property owner is entitled to just compensation for the property taken and damage to any portion of the property not taken. Okla. Const. art. 2, Â§ 24; see also 27 O.S. 2011, Â§ 16.
Â¶4 If the government does not institute condemnation proceedings, the property owner has the right to file an inverse condemnation proceeding to recover for the property taken. 27 O.S. 2011, Â§ 12; Page v. Oklahoma City, 1927 OK 440, Â¶ 1, 263 P. 448 (suit against city resulting from city's alleged discharge of sewage upon property).
Â¶5 A property owner is entitled to just compensation if the government's actions constitute such a "substantial interference" with the use of the property that a de facto taking occurs. Mattoon v. City of Norman, 1980 OK 137, Â¶ 11, 617 P.2d 1347.
Â¶6 In Oklahoma City v. Wells, 1939 OK 62, Â¶ 34, 91 P.2d 1077, this Court stated, "Condemnation proceedings do not involve a tort." And this has been the law ever since, without exception. See, e,g., City of Choctaw v. Oklahoma Municipal Assurance Group, 2013 OK 6, Â¶ 12, 302 P.3d 1164 (noting a cause of action grounded on inverse condemnation is not governed by the GTCA). See also Barton v. City of Midwest City, 2011 OK CIV APP 71, Â¶ 24, 257 P.3d 422 (same).
Â¶7 Condemnation proceedings are not civil actions strictly speaking, and they are not actions at law nor suits in equity. Oklahoma City v. Wells, 1939 OK 62, Â¶ 34, 91 P.2d 1077. They are special proceedings strictly controlled by statutes and the constitution. Carter v. City of Oklahoma City, 1993 OK 134, Â¶ 12, 862 P.2d 77.
Â¶8 After this Court in Bosh v. Cherokee County Gov. Building Auth., 2013 OK 9, 305 P.3d 994, held that the GTCA did not expressly immunize the State from tort claims arising from alleged deprivations of constitutional rights, the Legislature amended the GTCA to clarify the State's immunity from tort suits extends to all types of torts, regardless of their origin. See Laws 2014, c. 77, emerg. eff. April 21, 2014.
Â¶9 Specifically, the definition of a "tort" in 51 O.S. 2011, Â§ 152(14)[1] was amended to add the terms in bold:
"Tort" means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision.
Laws 2014, c. 77, Â§ 1, emerg. eff. April 21, 2014. 51 O.S. 2011, Â§ 153(B) was amended in part as follows:
The liability of the state or political subdivision under this act The Governmental Tort Claims Act shall be exclusive and in place of all other shall constitute the extent of tort liability of the state, a political subdivision or employee at arising from common law, statute, the Oklahoma Constitution, or otherwise.
Laws 2014, c. 77, Â§ 2, emerg. eff. April 21, 2014.
Â¶10 As the Court observed in Barrios v. Haskell County Pub. Facilities Auth., 2018 OK 90, Â¶ 12, 432 P.3d 233, the Legislature amended the GTCA in 2014 "to specify that the GTCA applies even to tort suits alleging violations of constitutional rights."
Â¶11 The question before this Court is whether the GTCA applies to inverse condemnation claims in light of the 2014 legislative amendments to the GTCA following this Court's decision in Bosh v. Cherokee County Gov. Building Auth., 2013 OK 9, 305 P.3d 994. We hold that it does not.
Â¶12 "The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language." American Airlines, Inc. v. State ex rel. Oklahoma Tax Comm'n, 2014 OK 95, Â¶ 33, 341 P.3d 56. The current definition of a "tort" in the GTCA is plain and unambiguous. The Legislature did not change the basic definition of a tort as a "legal wrong" involving a "violation of a duty," in 2014, but rather broadened the kinds of torts for which the State will have immunity to include not only torts arising from common law, but also torts arising from statute and the constitution.
Â¶13 A presumption arises that an amendatory act is intended to clarify the existing law's ambiguity. Quail Creek Golf v. Okla. Tax Comm., 1996 OK 35, Â¶ 10, 913 P.2d 302. It is clear the Legislature intended to broaden the scope of governmental immunity under the GTCA to "torts" arising from common law, statute, and the constitution. Thus, it expanded the definition of a "tort" accordingly. Barrios v. Haskell County Pub. Facilities Auth., 2018 OK 90, Â¶ 12, 432 P.3d 233 (noting in light of the 2014 amendments "constitutional" torts are now "torts" governed by the GTCA).
Â¶14 However, condemnation proceedings do not involve a tort. Condemnation involves the taking of private property for public use. Okla. Const. art. 2, Â§ 24. The only relevant question in an inverse condemnation proceeding is (1) whether or not a "taking" has occurred, and if so (2) the amount of compensation due the landowner. Calhoun v. City of Durant, 1998 OK CIV APP 152, Â¶ 5, 970 P.2d 608. The 2014 legislative amendments to the GTCA did not change this.
Â¶15 Accordingly, the Court concludes that an inverse condemnation claim does not constitute a "tort" under the GTCA, and is therefore not subject to the GTCA.
Â¶16 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18TH DAY OF JANUARY, 2022.
/S/ACTING CHIEF JUSTICE
ALL JUSTICES CONCUR
FOOTNOTES
[1] 51 O.S. Supp. 2014, Â§ 152 was amended. In one version, subsection (14) is now subsection (17). See Laws 2021, c. 12, Â§ 28, emerg. eff. April 13, 2021. See also Laws 2021, c. 41, Â§ 1, eff. Nov. 1, 2021 and Laws 2021, c. 241, Â§ 1.