ROCKET PROPERTIES v. LaFORTUNE
2022 OK 5
502 P.3d 1112
Case Number: 120000
Decided: 01/18/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 5, 502 P.3d 1112

 
 

ROCKET PROPERTIES, LLC, Petitioner,
v.
WILLIAM D. LaFORTUNE, District Judge, Respondent,
and
CITY OF TULSA, Real Party in Interest.

ORDER

¶1 Original jurisdiction is assumed in the cause now pending before the Tulsa County District Court, Case No. CJ-2018-620. Fent v. Contingency Review Bd., 2007 OK 27163 P.3d 512publici juris controversy where there is an urgency and need for a judicial determination).

¶2 The Petition for Writ of Prohibition is granted. The Respondent District Judge, or other assigned judge, is hereby prohibited from enforcing the October 21, 2021 ruling and December 27, 2021 journal entry of judgment granting the City of Tulsa's motion for summary judgment and dismissing Petitioner's inverse condemnation on grounds Petitioner's claim is governed by the Oklahoma Governmental Tort Claims Act (GTCA). See 51 O.S. 2011, § 151et seq.

¶3 When private property is taken for a public purpose pursuant to the government's power of eminent domain, the property owner is entitled to just compensation for the property taken and damage to any portion of the property not taken. Okla. Const. art. 2, § 24; see also 27 O.S. 2011, § 16

¶4 If the government does not institute condemnation proceedings, the property owner has the right to file an inverse condemnation proceeding to recover for the property taken. 27 O.S. 2011, § 12Page v. Oklahoma City, 1927 OK 440263 P. 448

¶5 A property owner is entitled to just compensation if the government's actions constitute such a "substantial interference" with the use of the property that a de facto taking occurs. Mattoon v. City of Norman, 1980 OK 137617 P.2d 1347

¶6 In Oklahoma City v. Wells, 1939 OK 6291 P.2d 1077See, e,g., City of Choctaw v. Oklahoma Municipal Assurance Group, 2013 OK 6302 P.3d 1164See also Barton v. City of Midwest City, 2011 OK CIV APP 71257 P.3d 422

¶7 Condemnation proceedings are not civil actions strictly speaking, and they are not actions at law nor suits in equity. Oklahoma City v. Wells, 1939 OK 6291 P.2d 1077Carter v. City of Oklahoma City, 1993 OK 134862 P.2d 77

¶8 After this Court in Bosh v. Cherokee County Gov. Building Auth., 2013 OK 9305 P.3d 994See Laws 2014, c. 77, emerg. eff. April 21, 2014.

¶9 Specifically, the definition of a "tort" in 51 O.S. 2011, § 152

"Tort" means a legal wrong, independent of contract, involving violation of a duty imposed by general law, statute, the Constitution of the State of Oklahoma, or otherwise, resulting in a loss to any person, association or corporation as the proximate result of an act or omission of a political subdivision.

Laws 2014, c. 77, § 1, emerg. eff. April 21, 2014. 51 O.S. 2011, § 153

The liability of the state or political subdivision under this act The Governmental Tort Claims Act shall be exclusive and in place of all other shall constitute the extent of tort liability of the state, a political subdivision or employee at arising from common law, statute, the Oklahoma Constitution, or otherwise.

Laws 2014, c. 77, § 2, emerg. eff. April 21, 2014.

¶10 As the Court observed in Barrios v. Haskell County Pub. Facilities Auth., 2018 OK 90432 P.3d 233

¶11 The question before this Court is whether the GTCA applies to inverse condemnation claims in light of the 2014 legislative amendments to the GTCA following this Court's decision in Bosh v. Cherokee County Gov. Building Auth., 2013 OK 9305 P.3d 994

¶12 "The cardinal rule of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language." American Airlines, Inc. v. State ex rel. Oklahoma Tax Comm'n, 2014 OK 95341 P.3d 56

¶13 A presumption arises that an amendatory act is intended to clarify the existing law's ambiguity. Quail Creek Golf v. Okla. Tax Comm., 1996 OK 35913 P.2d 302Barrios v. Haskell County Pub. Facilities Auth., 2018 OK 90432 P.3d 233

¶14 However, condemnation proceedings do not involve a tort. Condemnation involves the taking of private property for public use. Okla. Const. art. 2, § 24. The only relevant question in an inverse condemnation proceeding is (1) whether or not a "taking" has occurred, and if so (2) the amount of compensation due the landowner. Calhoun v. City of Durant, 1998 OK CIV APP 152970 P.2d 608

¶15 Accordingly, the Court concludes that an inverse condemnation claim does not constitute a "tort" under the GTCA, and is therefore not subject to the GTCA.

¶16 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 18TH DAY OF JANUARY, 2022.

/S/ACTING CHIEF JUSTICE

ALL JUSTICES CONCUR

FOOTNOTES

51 O.S. Supp. 2014, § 152See Laws 2021, c. 12, § 28, emerg. eff. April 13, 2021. See also Laws 2021, c. 41, § 1, eff. Nov. 1, 2021 and Laws 2021, c. 241, § 1.